# SORELL AND ADAMS, EX'RS, &c. v. SORELL.

1. In a declaration upon a covenant, and performance necessary to be averred by the plaintiff, if the act to be performed involve a question of law, the *quo modo* must be pointed out; otherwise performance may be averred generally. .

2. The assignment of the breach in covenant must conform to the covenant of the defendant, as set out; the breach must not be for more than is covenanted to be performed.

ERROR to the County Court of Dallas.

The plaintiffs brought an action of covenant, against the defendant, in the county court of Dallas, on articles of agreement between the testator of the plaintiffs and the said defendant. The declaration sets forth an agreement, that the testator, in his life time, in consideration of $5,400, to be paid by the defendant in three annual instalments, on the first of March, in each of the three years ensuing the 1st of January, 1839, had demised, and to farm let, to said defendant, all of his said lands, improved, with certain exceptions; and that said testator had also, for the same consideration hired to said defendant all his negroes, (whose names are given) for the same term; and had also hired all testator's hogs and cattle, and stock of every kind for the same term; that testator also covenanted with said defendant for the quiet enjoyment of the premises for the term aforesaid; and that said defendant bound himself, &c., at the expiration of three years, from and after the first day of January next after the date of said covenant, to deliver all the negroes so hired from said testator, unless they should die, abscond, or be stolen, &c., said defendant also bound himself to deliver to said testator a certain quantity of corn, a certain number of pounds of fodder, six work horses, valued, &c., also twenty-five head of stock hogs, also *twenty-five head of stock cattle, &c.*

The declaration contains a general averment, that " the testator in his life time, and the plaintiffs since his death, have well and truly performed and fulfilled all and singular the covenants and agreements, in the said articles of agreement mentioned, on the said testator's part and behalf to be done and performed."

The declaration further avers, that by said covenant, it became and was the duty of said defendant, to deliver to said testator, or the plaintiffs, his representatives, 1300 bushels of corn, 25000 pounds of fodder, six work horses, valued at $470—also seventy-five head of stock hogs—also, *twenty-five head of cattle, &c.*; and in the assignment of the breach avers, that the defendant had wholly failed and refused to deliver the said 1300 bushels of corn, the said 20,000 pounds of fodder, or the said six work horses, valued, &c., or *the said seventy-five head of cattle, &c.*

To this declaration there was a demurrer, which was sustained by the said county court, and that judgment is now assigned for error.

Wm. Hunter, for the plaintiff in error.
G. W. Gayle, *contra.*

CLAY, J.—Two grounds are mainly relied on by the counsel for the defendant in error, in support of the judgment of the court below.  1. That the averment of the performance of covenants, on the part of the plaintiffs, is *general*, when it should have been *special.*  2. That the breach is erroneously assigned, so far as it alleges the non-performance of the defendant, in not delivering *seventy-five* head of cattle, when the covenant, as averred, was for the delivery of *twenty-five* head of cattle.

In regard to the first objection, it is clearly untenable. It is laid down in Chitty's Pleadings, 116, 117, that if the plaintiff shew a certain and exact performance; it is frequently sufficient to state it in general terms, without averring particularly how he performed, as on a promise to pay so much, as the plaintiff should expend for the officers of the army in such a suit—an averment that he spent so much is sufficient, without shewing for what officers in particular.  So a substantial performance, in some instances, is held sufficient, as when the condition was to enfeoff, a conveyance by lease and release, was held sufficient; and a condition to deliver a will, was considered performed by delivering letters testamentary.  In the case of Wright v. Tuttle, [4 Day, 313,] the plaintiff averred, generally, that he had kept and performed all the covenants in the indenture, on his part to be performed, it was held, not only sufficient, but the most proper form; and that the distinction was, that when the act involved in it a question of law,

73·

viz: whether it was done as the law directed, the *quo modo* must be pointed out; but when it is a mere matter of fact, a general averment of performance is most proper. In the case at bar, the delivery of the property, to the defendant, was a mere matter of fact, and consequently, the general averment was sufficient.

It is true, as maintained by the counsel for the defendant in error, that the breach must agree with the thing to be done, or performed; and that when a plaintiff clearly assigns the breach of a covenant, which he has not set out, it would be bad. But, in the present case, the number of cattle delivered, and the number to be delivered, by the defendant, at the expiration of his term, is averred, in both instances to be *twenty-five head*—and the breach following immediately after the last averment, is for the non-delivery of the *said seventy-five* head of cattle. The *said* seventy-five head evidently refers to the preceding averment; and, instead of being the fault of the pleader, is doubtless a merely clerical misprision, which we do not think should be regarded as a material error.

Let the judgment be reversed, and the cause remanded.