# Western Union Telegraph Co. *v.* Adair.

*Action against Telegraph Company to recover Damages for Negligence in transmitting Message.*

1. *Action for negligence in transmitting telegraph message; when receiver can maintain action.*—A person to whom a telegram is addressed can not maintain an action against a telegraph company for negligence in transmitting it, unless he alleges and proves that he was either, directly or by his agent, a party to the contract for the sending and delivery of said message; and in an action against a telegraph company by the sendee of a telegram, to recover damages for the negligence of the telegraph company in transmitting said telegram, where the plaintiff alleges in his complaint that the sender contracted as his agent with the defendant, but there is no evidence tending to sustain this averment, the plaintiff is not entitled to recover.

2. *Action against telegraph company; measure of damages for negligence in transmission of message; mental suffering.*—In an action to recover damages for negligence of a telegraph company in transmitting a message, announcing the death of a relative of the plaintiff, if, under the pleadings and proof the plaintiff is entitled to recover, the mental suffering of the plaintiff occasioned by said negligence is a proper element of damages to be considered in fixing the amount of the recovery.

| 115 | 441 |
| 117 | 673 |
| 117 | 674 |
| 115 | 441 |
| 120 | 102 |
| 115 | 441 |
| 125 | 712 |
| 115 | 441 |
| 134 | 258 |
| 115 | 441 |
| 143 | 591 |

3. *Same; contributory negligence; question for the jury.*—In an action by the person to whom a telegram is addressed, stating that his mother "died this morning," to recover damages for the negligence of the telegraph company in not properly dating the message at the place of reception, it was shown that the telegram as delivered to plaintiff was dated "Marshall, Texas, 11–16–1895," and the first line of the telegram as delivered by defendant to plaintiff was, "received at Anniston, 11–14–189–," and below this line were the words "dated Marshall, Tex., 16." *Held:* That under the issue formed upon the plea of contributory negligence, which avers that by the exercise of reasonable care the plaintiff would have discovered the error inadvertently committed in fixing the date of the reception of the telegram, the question as to whether the plaintiff was guilty of contributory negligence as averred in the plea, is a question of fact to be determined by the jury.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by the appellee, A. J. Adair, against the appellant, the Western Union Telegraph Company, to recover damages caused by reason of the negligence of the defendant in writing upon a telegram the wrong date of its reception. The facts of the case are sufficiently stated in the opinion.

Upon the trial of the cause, there were verdict and judgment for the plaintiff, assessing his damages at $250. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, PORTER & WALKER, for appellant.—1. Under the facts in this case, the plaintiff was not entitled to recover. There can be no recovery for damages for mental suffering alone. This proposition is ably supported by the following, among many other authorities: *W. U. T. Co. v. Rogers*, 68 Miss. 748; *Chapman v. W. U. T. Co.*, 88 Ga. 763; *Connell v. W. U. T. Co.*, 22 S. W. Rep. 345; *W. U. T. Co. v. Wood*, 57 Fed. Rep. 471; *West v. W. U. T. Co.*, 39 Kan. 93; *Ewing v. Railway Co.*, 147 Pa. St. 40; *Masters v. Warren*, 27 Conn. 293; *Logan v. W. U. T. Co.*, 48 Ill. 468; *W. U. T. Co. v. Howell*, 38 Kan. 685; *Keyes v. Railway Co.*, 36 Minn. 290; *Burnett v. W. U. T. Co.*, 39 Mo. App. 610; *Lehigh Iron Co. v. Rupp*, 100 Pa. St. 95; *Huntington v. Decker*, 84 Pa. St. 419; *Butner v. W. U. T. Co.*, 37 Pac. Rep.

[Western Union Telegraph Co. v. Adair.]

1087; *Morgan v. So. Pac. Railway Co.*, 95 Cal. 510; Wharton on Negligence, §§ 339, 438, 756; 1 Sedgwick on Damages, (7th ed.), 29, note A.

2. The plaintiff was shown to have been guilty of contributory negligence which barred his recovery. It was his duty to have made inquiries at the defendant's office in Anniston when he received the telegram as to when it was delivered to the defendant in Texas. The plaintiff should have done what an ordinarily prudent man would have done, to discover by the examination of the telegram, or otherwise, when the telegram was delivered to the defendant. If the plaintiff failed in the exercise of the diligence which an ordinarily prudent man would have exercised under similar circumstances, he thereby contributed to the damages complained of. *W. U. T. Co. v. Neil*, 57 Tex. 285; *W. U. T. Co. v. Richman*, 8 Atl. Rep. 171; *W. U. T. Co. v. Wright*, 18 Ill. App. 337; *Daughtry v. Amer. Union*, 75 Ala. 168; *Gulf C. & S. Fe. R. Co. v. Loonie*, 18 S. W. Rep. 221; *W. U. T. Co. v. Reid*, 10 So. E. Rep. 919; *Marr v. Tel. Co.*, 3 S. W. Rep. 496; *Tel. Co. v. Hobson*, 15 Gratt.   ; *Leonard v. Tel. Co.*, 41 N. Y. 544; *W. U. T. Co. v. Cornwell*, 51 Pac. Rep. 393.

D. D. McLEOD, *contra.*—The complaint stated a substantial cause of action, and the general affirmative charge requested by the defendant was properly refused. *W. U. Tel. Co. v. Wilson*, 93 Ala. 32, and authorities cited; *W. U. Tel. Co. v. Cunningham*, 99 Ala. 314, and authorities cited.

COLEMAN, J.—The plaintiff appellee sued to recover damages sustained in consequence of the negligence of the defendant, in not properly dating at the place of reception a telegram delivered to defendant at Marshall, Texas, for transmission to plaintiff, by "his brother as his agent and for his benefit." The telegram delivered to defendant, for transmission, read as follows :

"Marshall, Texas, 11–16, 1895.
"To A. J. Adair, care Iron Works, Anniston, Ala.
"Mother died this morning.
[Signed] W. A. Adair."

The telegram delivered read as follows :

"Received at Anniston 11—14, 189 .

Dated Marshall, Tex., 16.

"To A. J. Adair, care Iron Works.

"Mother died this morning.

[Signed] W. A. Adair."

The plaintiff avers that he was misled by the heading and date, "Received at Anniston 11—14, 189 ," that on account of the obscurity of the statement and date "Tex. 16," he overlooked it, and believed from the dispatch his mother died on the morning of the 14th ; that he knew if she had died on the 14th he could not attend her burial, that if he had known that she died on the 16th, the day the telegram was received, he could and would have attended her burial. The plaintiff claims damages for breach of contract and mental suffering. The right to recover for mental suffering was raised both by demurrer to the camplaint, and by instructions requested for the jury. There was no controversy but that the telegram was promptly transmitted and delivered. The damages claimed are based upon the negligence, in not properly dating the telegram, as stated. The defendant pleaded the general issue, and also contributory negligence.

The contributory negligence as averred in the plea, consisted in plaintiff's failure or neglect to notice, that the telegram was dated Marshall, Tex. 16, and could not, therefore, have been received at Anniston on the 14th, as it purported. The plea avers that the exercise of reasonable care on the part of the plaintiff would have led to the discovery of the error inadvertently committed by the defendant in dating the reception of the telegram "11—14."

The cases decided by this court, in which the sendee of the telegram was plaintiff, the complaint showed that the plaintiff either directly or *per alium* was a party to the contract, and the opinions seem to concede the proposition that if such relationship did not exist, an action for the breach of the contract could not be maintained by the sendee.—*Daughtery v. American Union*, 75 Ala. 168 ; *Western Union Tel. Co. v. Henderson*, 89 Ala. 510, 519 ; *Ib. v. Wilson*, 93 Ala. 32 ; *Ib. v. Cunningham*, 99 Ala. 314 ; *Kennon & Bro. v. Western Union Tel. Co.*, 92 Ala. 399.

The complaint in the present case avers that the sender contracted as the agent of the plaintiff with the defendant. We have examined the abstract carefully, and have been unable to discover any evidence tending to sustain this averment of the complaint, nor is there any evidence tending to show a ratification of the contract, except we regard the institution of this suit as such ratification. See authorities *supra*; *West v. Western Union Tel. Co.*, 39 Kansas, 93, s. c.; 7 Amer. St. Rep. 530, and notes. In view of the pleadings as framed, and all the evidence, the defendant was entitled to the general affirmative charge, and the court's refusal to so instruct the jury at the request of the defendant was error.

It is earnestly urged by counsel of appellant, that we modify the rule which prevails in this State, that mental suffering may be a proper element for damages in actions of this character. We have considered the cases in which a different rule has been declared, and the argument in support of an adverse conclusion. We believe that we are right upon sound principles of law and justice. The argument, that damages for mental suffering are speculative, metaphysical, unascertainable, &c., and therefore not recoverable, is equally applicable in one case as another. No court as yet has undertaken to distinguish the characteristics of mental pain, arising from a breach of marriage contract, slander, trespass upon the person, or *quare clausum fregit*, from mental suffering caused by a breach of duty imposed by law or undertaken by contract for the benefit of others. It may be more or less intense according to the facts and circumstances, but so far as the human mind can apprehend the nature of mental suffering, it is no more metaphysical, speculative, or indefinite, in the one class of cases than in the other. Experience, observation, and reflection have demonstrated to the satisfaction of the judgment, that mental suffering naturally, proximately arises from a breach of marriage contract, from physical injury; but mental suffering from these causes is not more clearly established, than mental suffering from the death of a husband or mother, or absence from them at the closing hours of life. The real question is, whether the defendant owed a legal duty to the plaintiff, the willful refusal or neglect to perform which will support a cause of action. If the plantiff can maintain an action at all for

the breach of duty, he is entitled to recover the natural and proximate damages caused by the default, according to the manner in which the complaint is framed. If a party, for a valuable consideration paid, agrees to perform a duty for another, and he knows that his failure will result in pecuniary loss or inflict great mental distress, and he willfully or negligently fails to perform his contract, why should he not be required to respond for the consequences of his misconduct? We can perceive of no sound rule of law which will exonerate him. In some of the opinions it is said, the rule of allowing mental suffering as an element of damages, will open the door to "intolerable litigation," and in others, that it invites and licenses "excessive verdicts." These arguments are more properly for the legislature than for the courts. We are of opinion, however, that the contrary rule will license "intolerable" negligence, and deprive the injured party of just compensation for the wrong done him. Unless changed by statute, or some reason adduced, which has not yet occurred to us, we adhere to our former decisions, as the better solution of the question.

The original telegram received at Anniston and delivered to the plaintiff has been certified and sent up for inspection by this court. We are of opinion that under the evidence, the question of contributory negligence, as averred in the plea, presents a question of fact to be determined by the jury. When attention is directed to the heading. "Marshall, Tex. 16," it is apparant, but the heading, "Received at Anniston 11—14, 189 ," is much more legible and conspicuous. Under the facts in this case, the jury should determine the question of contributory negligence.

For the error pointed out, the case must be reversed.

Reversed and remanded.