# Western Union Telegraph Co. *v.* Haley.

*Action for Damages for Failure to Transmit and Deliver a Telegram.*

1. *Damages; pleading and practice; motion to strike.*—Where a complaint claims damages not recoverable, the allegations of the complaint as to such damages, are immaterial, and taking issue on the complaint and proof of such allegations would not entitle the plaintiff to recover. A motion to strike such immaterial allegations rests in the discretion of the court,

and the overruling of such motion is not revisable on appeal.

2. *Same; mental suffering caused by failure to deliver telegram; telegraph company.*—Mental anguish and pain, caused by breach of a contract to send and deliver a telegram, are proximate damages where there is a relation of parties, and a presumption of natural affection. The same affectionate relation is presumed to exist between brother and sister, as between husband and wife, or parent and child, differing, it may be, in degree.

3. *Same; same; actual damages.*—Damages for mental suffering are actual damages, and for that reason, recoverable. They are compensatory for the injury arising from the breach of contract or duty.

4. *Charge requested of court; requested separately, and as a whole.* Where a party requests the court to give several charges, and the request is not made separately, but as a whole, there is no error in refusing all, if any one of them is erroneous.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. JOHN PELHAM.

This action was brought by the appellee, Will Haley, and sought to recover of the defendant, the Western Union Telegraph Company, damages for the failure to transmit and deliver a telegram delivered by plaintiff and accepted by the defendant for transmission and delivery to the addressee. The message was addressed to the family physician of the plaintiff, and notified him of the dangerous illness of the sister of the plaintiff, and requested the physician to come to see her at once. This message was given the defendant for transmission, between five and half past five o'clock on the afternoon of January the 24th, 1903. The sister of the plaintiff died between nine and ten o'clock of the same evening. The message was never delivered to the physician, and the evidence showed that the plaintiff paid to the defendant its regular charges therefor, and also made satisfactory arrangements to meet any special charges that might be necessary to an expeditious delivery of the message.

On the trial the defendant urged that, even if the message had been delivered to the physician with the utmost dispatch, he could not have reached the bedside of plaintiff's sister before her death. On this point, there was a conflict in the testimony of the various witnesses.

It is not deemed necessary to set out the testimony further, as the opinion is virtually self explaining.

On the written request of the plaintiff, the court gave to the jury a charge numbered one, which was as follows: "The court charges the jury that if you believe the evidence, you should return a verdict for the plaintiff for the actual damages sustained by reason of the failure to transmit and deliver the telegram."

The court refused to give the following written charges requested by the defendant: 1. "If the jury believe from the evidence that Dr. Harris could not have reached the bedside of plaintiff's sister before her death, even though the said message had been delivered to him promptly after it was filed at Heflin for transmission and delivery, they must render their verdict in favor of the defendant." 2. "I charge you that you are not authorized under the evidence in this case to assess a greater sum as damages in favor of the plaintiff than the sum paid by him for the transmission and delivery of the message." 3. "I charge you that the burden rests upon the plaintiff in this case to prove to your reasonable satisfaction that Dr. Harris could have been present at the sick bed of plaintiff's sister before her death; and unless you are reasonably satisfied from the evidence that he could have gotten there before her death after the message was sent, you must render your verdict in favor of the defendant." The defendant also requested in writing, that the court give several other charges, which were all written upon one piece of paper, and, as noted in the opinion, the court refused the charges as a whole, writing at the bottom of such page, the word "Refused."

There was verdict and judgment for the plaintiff, from which the defendant appealed.

CAMPBELL & WALKER, for the appellant.—Damages, in actions of this character for mental distress, do not embrace cases where the relationship is as remote as that of brother and sister.—*Western Union v. Ayers,* 131 Ala. 393. Charge one, given at the request of the plaintiff, is equivalent to the affirmative charge, and invades the province of the jury. Mental suffering caused by a

wrongful act is an element of actual damages.—*Dirmeyer v. O'Hern,* 3 So. Rep. 132.

McCarthy & Merrill, *contra.*—Mental suffering was an element of damages in this case.—*Henderson v. Western Union Tel. Co.,* 89 Ala. 510. Parties may elect to try their case upon immaterial issues, and having done so, they will not be heard to complain afterwards.—*Taylor v. Smith,* 104 Ala. 537; *Hamilton v. Pounds,* 57 Ala. 348; *Farrell v. Andrew,* 69 Ala. 96. Compensation for mental anguish, caused by wrong of the defendant, is left largely in the discretion of the jury.—*Western Union Tel. Co. v. Seed,* 115 Ala. 670; *Western Union Tel. Co. v. Cunning,* 99 Ala. 318. Where charges are requested as a whole, there is no error in the refusal unless each and every charge requested is correct.—*Milliken v. Maud,* 110 Ala. 332. Where a party fails on the trial to reserve exceptions to the action of the court, he cannot cure the defect by afterwards basing a motion for a new trial thereon.—*McLendon v. Bush,* 127 Ala. 470; *Tobias v. Triest,* 103 Ala. 665.

TYSON, J.—Written charge numbered two requested by defendant, which was refused, properly raised the question of the right of the plaintiff to recover for mental suffering on account of the failure of the addressee of the message, who was a physician, to reach plaintiff's sister in time to administer to her condition before her death. This question was also sought to be raised by motion to strike from the several counts of the complaint certain allegations, which was overruled. If these damages are not recoverable, as matter of law, then the allegations of the complaint sought to be stricken are immaterial and, therefore, surplusage, and taking issue upon the complaint and proof of these allegations would not entitle plaintiff to recover. The overruling of the motion was a matter within the discretion of the trial court and not revisable.—*Marx v. Miller,* 134 Ala. 347.

The charge, however, as we have said, properly raised the question and brings for review the correctness of the ruling of the court as to whether such damages, as matter of law on the facts averred, are a proximate result of the

breach of the contract to transmit and deliver the message. On this phase of the case the appellant's contention seems to be that the relation of brother and sister is not sufficiently close so as to make such damages proximate, but that they are speculative and remote.

In *Henderson's case* (89 Ala. 510), the message was sent by the husband to a physician, and it was held that his mental anxiety or distress, caused by the non-delivery through the negligence of the defendant, were recoverable damages.

In the more recent case of *W. U. Tel. Co. v. Ayers* (131 Ala. 391), the relation of brother and sister was classed with that of husband and wife, and parent and child, and we think properly so.

If a husband or father is permitted to recover for mental distress on account of a breach of the contract, there is no good reason for denying to a brother a right of recovery for a like breach. If the damages are proximate in the one case, they are in the other. Such damages are held to be proximate on account of the relation of the parties and the natural affection presumed to exist between them. The same affectionate relation is presumed to exist between brother and sister, as between husband and wife, or parent and child, differing it may be in degree. The charge was properly refused, unless it can be affirmed as matter of law, on the testimony adduced, that Dr. Harris, the addressee of the message, could not have reached the bedside of the plaintiff's sister before her death, had it been promptly transmitted and delivered. And the solution of this question also determines the correctness of the giving of the first written charge at the request of plaintiff.

We feel no hesitancy in saying that, under the evidence, whether Dr. Harris could or could not have reached plaintiff's sister's bedside before her death, had the message been promptly transmitted and delivered, was a question for the jury. If he could, and it was open to the jury to so find, then the damages for mental suffering were recoverable, and the charge above referred to, requested by defendant, was properly refused. On the other hand, it was open to the jury to find that he could not have done so. This being true, the giving of charge

numbered one requested by plaintiff was error. By that charge the jury were instructed, if they believed the evidence, they should return a verdict for plaintiff for the actual damages sustained by reason of the failure to transmit and deliver the telegram. That damages for mental suffering are actual, and were therefore included in the instruction, can scarcely be doubted. Indeed, it is because they are act.'al, that they are recoverable. They are compensatory for the injury resulting from a breach of the contract, or duty, as the case may be.—*W. U. Tel. Co. v. Adair*, 115 Ala. 441; *A. G. S. R. R. Co. v. Davis*, 119 Ala. 572; 3 Sutherland on Damages, § 942. The charge clearly invaded the province of the jury.

The evidence undisputedly showed that the message was never delivered at all. This entitled the plaintiff to recover, at least, nominal damages for a breach of the contract. Charges 1 and 3 requested by defendant were, therefore, properly refused. Had these charges on the facts hypothesized in them excluded plaintiff's right to recover damages for mental suffering, instead of directing a verdict for defendant, they would have ascertained a correct proposition of law.

The other written charges refused to defendant were requested, not separately, but as a whole. If any one of them was correctly refused, there was no error in refusing all of them. One of these was the general affirmative charge, which, of course, could not have been properly given.

Reversed and remanded.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.