# Western Union Tel. Co. v. Heathcoat.

*Damages for Failure to Transmit Message.*

(Decided Feb. 14th, 1907.  43 So. Rep. 117.)

1. *Pleadings; Stating Conclusions.*—A replication stating merely that defendant waived a provision of the contract, without stating facts showing such waiver, is bad as stating a conclusion.

2. *Same; Aider by Pleadings not in the Record.*—Reliance can not be had upon pleadings to which demurrer has been sustained, and which was, therefore, out of record, to sustain other pleading that refers for its facts to the pleading out of the record.

3. *Appeal; Presumptions; Overruling Demurrer.*—It cannot be presumed that pleading would have been amended had demurrer been sustained thereto, hence it is not harmless error to overrule a demurrer which states that the pleading mererly states a conclusion.

4. *Telegraphs; Acceptance of Message for Transmission; Conditions; Waiver.*—The Company may waive the condition in the contract under which it sends a message that it will not be liable for damages growing up out of a failure on its part unless the claim is presented within sixty days after the filing of the message for transmission.

5. *Same.*—The waiver of the conditions that the company will not be liable for damages growing up out of its failure to trans-

mit a message unless the claim is presented in writing within sixty days, may rest in parol.

6. *Principal and Agent; Power of Agent; Undisclosed Limitation on.*—A waiver by the head man and general manager of its local office of the conditions in the contract that the company will not be liable unless a written claim for damages is presented within sixty days, is binding on the company, in the absence of knowledge on the part of the person having the claim of a limitation upon the authority of such officer or agent imposed by the company.

7. *Telegraphs; Failure to Deliver Message; Actions; Parties.*—Unless the person delivering the message for transmission acts for or on behalf of the person to whom it is addressed, such person is not a party to the contract for transmission and delivery of the message so as to be entitled to maintain an action for its breach.

8. *Evidence; Conclusion of Witness.*—The sender of a telegram may not testify that he delivered it to the company for the benefit of the addressee, it being a conclusion.

9. *Same.*—It is not a conclusion, and therefore not objectionable, whether one, if a telegram had been delivered at a certain time, could have reached a certain place by a fixed time.

10. *Principal and Agent; Evidence of Agency; Testimony of Agent.* —One sending a telegram cannot prove by his testimony showing that he delivered the message for the benefit of the addressee, that he acted as agent of the addressee.

11. *Telegraphs; Failure to Deliver Message; Damages; Mental Suffering.*—The relation of brother and sister is such as to authorize recovery for mental suffering for failure to deliver telegram.

12. *Principal and Agent; Evidence of Agency.*—For the purpose of showing the authority of F. to present plaintiff's claim to defendant for damages, it is competent to show that plaintiff placed her claim in the hands of F. for collection, and that F. orally presented the claim.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Movie Heathcott against the Western Union Telegraph Company. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

The plaintiff filed replications 3 and 4; but, as demurrer was sustained to replication 3, and it is not shown to have been amended, it is not necessary to here set it out. Replication 4 was as follows: "Plaintiff,

for replication to the third plea of defendant, sets down and assigns the following: The defendant, by and through its agents, waived the terms alleged to be on the back of the message blank requiring plaintiff to present her claim in writing within 60 days after said message was filed with defendant for transmission, as in described in said plea." To this replication several grounds of demurrer were interposed, one of which is as follows: "The replication alleges that the regulation or term set up in the third plea was waived, and does not allege or show facts to establish a waiver, and the averment of the replication as to waiver is the conclusion of the pleader." The telegram alleged to have been sent and not delivered was of date June 28, 1904. The first written presentation of demand for payment was on September 9, 1904. It was shown, however, by a witness for the plaintiff, that he spoke to Mr. Williams concerning this claim within 30 days after the sending of the message, and that Mr. Williams stated to him that he would take the matter up for investigation, and, if he found the facts to be as stated, would try and make a settlement of the same—would make him the very best proposition he could. Witness, who was the attorney of plaintiff, stated that he saw Williams several times after this, and before writing the letter above referred to, and that he asked him about this claim, and that Williams replied that he was investigating it with a view to settling the claim, but that he needed more time for investigation. All this, however, was denied by Williams. The other facts and objections to testimony sufficiently appear from the opinion.

The defendant requested the following charges, which the court refused: (1) General affirmative charge. (2) Affirmative charge as to count 1. (3) "I charge you that under the evidence in this case you cannot find that the rule or regulation set up in the third plea of the defendant was waived by the defendant." (4) "The court charges the jury that conversations had with Williams within 60 days were not in compliance with the rules set up in the third plea, and not a sufficient an-

40

swer thereto." (5) "The court charges the jury there is no evidence in this case that Williams had authority to waive said rule requiring a claim in writing to be filed with the company within 60 days as set up in defendant's said plea.:" (6) "I charge you that, although you may believe from the evidence that Mr. Fort, representing the plaintiff, and defendant's manager, Williams, had some conversation in reference to the failure to deliver the message sued on prior to the presentation of the claim in writing on September 9th, yet such conversation was not a .waiver of the rule or regulation set up in defendant's third plea."

There. was judgment for the plaintiff in the sum of $1,500.

GEORGE H. FEARRONS, and CAMPBELL & WALKER, for appellant.—Demurrers should have been sustained to the 4th replication.—Sec. 2301, Code 1896.; *L. & N. R. R. Co. v. Mothershed,* 110 Ala. 156; *Reid v. Nash,* 23 Ala. 738; *Mabry v. Herndon,* 8 Ala. 863; *McKeagg v. Callahan,* 13 Ala. 823; *Insurance Co. v. Parkes,* 39 South. 204; *Manasses v. Henley,* 96 Ala. 454; *M. & O. R. R. Co. v. Sears,* 13 South. 917; 18 Enc. P. & P. 663. The objection to question to Jones should have been sustained.—*Telegraph Co. v. Adair,* 115 Ala. 441. Objection should' have been sustained to the question as to whether or not plaintiff would have been able to come to Birmingham to have seen her brother had she received the telegram.—*Telegram Co. v. Merrill,* 39 South. 121. Plaintiff should not have been permitted to testify that she suffered mental pain and anguish.—*Western U. Tel. Co. v. Haley,* 39 South. 386; *W. U. Tel. Co. v. Merrill, supra.* The facts do not show a waiver on the part of defendant of the condition requiring the claim to be put in writing and submitted to the company within a given time.—*Harris v. Telegraph Co.,* 121 Ala. 521; *W. U. Tel. Co. v. Dougherty,* 26 Am. St. Rep. 33; *Tel. Co. v. Yopst,* 11 N. E. 16; 27 A. & E. Ency. of Law, p. 1049 and cases cited. Defendant should have been granted a new trial.

[Western Union Telegraph Co. v. Heathcoat.] .

WILLIAM E. FORT, for appellee.—There was no formal adjudication as to the demurrer to the replication to plea 4.—*Carter v. Long*, 125 Ala. 280; *Williams v. Coosa Co.*, 138 Ala. 673; *Crawford v. Crawford*, 119 .Ala. 34; *Jasper Merc. Co. v. O'Rear*, 112 Ala. 247; *McDonald v. Ry. Co.*, 26 South. 165. In any event the demurrers were general.—*Cowan v. Motley*, 125 Ala. 369; *Moore v. Heincke*, 119 Ala. 634. The defendant had the benefit of all the evidence that could have been introduced under the replication and plea and the court's action was harmless.—*Payne v. Crawford*, 102 Ala. 297 'and cases cited. The court did' not err in its admission of Jones' testimony. At most it was irrelevant and the judgment was supported by the other evidence. —*Blackwell v. Hamilton*, 47 Ala. 470; *Dowling v. Blackman*, 70 Ala. 303. In any event the question called for a shorthand rendering of facts and not conclusions.—*Railroad Co. v. McLendon*, 63 Ala. 266. Plaintiff was properly permitted to state that had she received the telegram she could and would have come to Birmingham to see her brother before his death.— *Bright v. W. U. Tel. Co.*, 132 N. C. 326. The evidence was sufficient to establish a waiver of the conditions as to the presentation of the claim in writing within a given time.—*W. U. Tel. Co. v. Cunningham*, 14 South. 580; *W. U. Tel. Co. v. Crumpton*, 36 South. 519; *Wheeler v. McGuire*, 86 Ala. 398; *Coffin Co. v. Stokes*, 78 Ala. 372; *W. U. Tel. Co. v. Way*, 83 Ala. 542; *Brigham v. Carlyle*, 78 Ala. 243; *Andrews v. Tucker*, 127 Ala. 603; *U. S. L. Ins. Co. v. Lesser*, 126 Ala. 568; *Ga. Home Ins. Co. v. Allen*, 128 Ala. 451; *Tabor v. Royal Ins. Co.*, 124 Ala. 681. The following authorities in other states cover the precise points raised by appellant as to whether or not an oral presentation of a claim within the sixty days is a waiver of the condiitons requiring a written claim to be filed.—*Hayes v. W. U. Tel. Co.*, 48 S. E. 608; *Hill v. Tel. Co.*, 85 Ga. 425; *W. U. Tel. Co. v. Stratemeier*, 32 N. E. 871; *Copeland v. Ins. Co.*, 43 S. C. 26; *Ill. Cent. Ry. Co. v. Bogard*, 27 South. 879; *Wabash Ry. v. Brown*, 39 N. E. 273.

DENSON, J.—The complaint contained two counts, but the court charged affirmatively in favor of defendant in respect to the second count. The first count is ex contractu, and claims damages for the breach of a contract to deliver a message, which, it is alleged, was given to the defendant in Birmingham, Ala., to be transmitted by electricity to Chattanooga, Tenn., and there to be delivered to the plaintiff.

The general issue was pleaded, and also a special plea numbered 3. The special plea sets up in defense of the action a clause or condition in the contract in these words: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within 60 days after the message is filed with the company for transmission." It is averred in the plea that no claim for damages was presented in writing within 60 days after said message was filed for transmission. The validity of such a stipulation in contracts of the kind declared on is no longer open to question in this jurisdiction.—*Harris v. Western Union Tel. Co.*, 121 Ala. 519, 25 South. 910, 77 Am. St. Rep. 70. See, also, *Hill v. Western Union Tel. Co.*, 85 Ga. 425, 11 S. E. 874, 21 Am. St. Rep. 166, where the cases are collected.

The plaintiff's demurrer to plea 3 having been overruled, she filed two special replications to the plea, numbered 3 and 4. A demurrer was sustained to No. 3 and overruled to No. 4. It will be observed that replication 4 merely states that the defendant, through its agents, waived the terms of the contract requiring the plaintiff to present her claim in writing within 60 days. Manifestly this is no more than a bare conclusion of the pleader. Pleas and replications, to be safe from demurrer, should contain a succinct statement of the facts relied upon as a defense or answer to a defense. The facts, then, relied on by the plaintiff as constituting a waiver, should have been succinctly stated in replication 4, so that the court could have determined whether or not they constituted a waiver. Ground C of the demurrer points out the defect. The demurrer to the replication should have been sustained.—1 Chitty on Pleading (1855) *603; *Torbert v. Wilson*, 1 Stew.

& P. 200; *Owen v. Henderson,* 7 Ala. 641; *Phoenix Insurance Co. v. Moog,* 7 Ala. 301, 56 Am. Rep. 31; *T. C., & R. R. Co. v. Herndon,* 100 Ala. 451, 14 South. 287; *Mabry v. Herndon,* 8 Ala. 863; *Hardy v. Branch Bank of Montgomery,* 15 Ala. 722; *Phinney v. Insurance Co.,* (C. C.) 67 Fed. 493; 18 Ency. of Pl. & Pr. 663.

But the plaintiff (appellee) insists that, if the court erred in overruling the demurrer to the replication, the error worked no injury to the defendant, because, first, she says that the facts proved under replication 4 were the same as those set out in replication 3, and therefore the defendant had notice of the facts that plaintiff intended to rely on. A demurrer having been sustained to replication 3, it was out of the record, and the defendant was not required to look to it for any purpose. Next it is insisted that the defendant was permitted to meet, and did meet, the facts proven under replication 4 by testimony in denial thereof, and therefore that the defendant cannot, upon appeal, complain of the imperfectness of the replication. The answer to this insistence is that, had the demurrer been sustained to the fourth replication, the plaintiff could not have offered evidence of the waiver at all without first amending the replication, and we cannot indulge the presumption that she would have amended it. The cases cited in support of the insistence, and which apply the doctrine of error without injury, where a demurrer to a special plea has been sustained, and the defendant either had or could have had, under the general issue benefit of the matter set up in the special plea, are not applicable. The facts of the case of *Payne v. Crawford,* 102 Ala. 387, 14 South. 854, prevent it from being authority for plaintiff's insistence. In that case there were many special replications to the defendant's special plea. Demurrers to the replications were overruled. The court held that the fourth replication set up a good reply, that the reply made by the sixth and tenth replications was not good, but the demurrer to them, being general, was properly overruled; also that the evidence offered was competent and properly admitted under the fourth replication, and therefore no injury resulted to defendant by the demurrer being overruled. The error in over-

ruling the demurrer to the fourth replication 'must work a reversal of the judgment of the circuit court.

There are many other assignments of error, and as the cause must go back for another trial we shall notice those which seem to be important. While the defendant was entitled to have the claim for damages presented in writing within 60 days after the message was delivered for transmission, we think there is no doubt that the right is a limitation for the benefit of the defendant, is of its own creation, and may be waived by it, and the waiver may rest in parol.—27 Am. & Eng. Ency. Law (2d Ed.) p. 1049; *Hill v. Western Union Tel. Co.*, 85 Ga. 425, 11 S. E. 874, 21 Am. St. Rep. 166; 1 Elliott on Ev. § 596. It may be that an oral promise of a general agent or a manager of a telegraph company to look into the claim it not a waiver of the condition requiring the claim to be in writing. This point, however, we do not decide.—*Massengale v. Western Union Tel. Co.*, 17 Mo. App. 257; *Albers v. Western Union*, 66 N. W. 1040, 98 Iowa, 51; *Western Union v. Yopst*, (Ind.) 11 N. E. 16. In the case at bar we think the evidence offered by the plaintiff on the subject of a waiver goes further than a mere promise to look into the matter, and makes the question of waiver vel non one to be determined by the jury.

Another insistence of the appellant is that the agent at Birmingham (Williams), to whom it is claimed by plaintiff the oral claim for damages was presented, had no authority to waive presentation of the claim in writing. Williams testified he had no authority to waive any of the rules or regulations on the back of the blanks, and that he had no authority to change any of the rules of the company. But he also testified that he was at the time general manager of defendant's local office at Birmingham, and head man there, and in charge of the company's business there. Notwithstanding the testimony of the agent that he was without authority, he was a general agent. It was his duty to transact generally the telegraphic business at Birmingham. There is no evidence tending to show that plaintiff, or her agent who was representing her, knew of any limitation imposed by the defendant upon the au-

thority of Williams. If the jury should find from the evidence there was a waiver of the claim, the defendant would be bound by his acts in this respect.— *Western Union Tel. Co. v. Cunningham,* 99 Ala. 314, 14 South. 579; *Syndicate Insurance Co. v. Catchings,* 104 Ala. 176, 16 South. 46; *Western Union Tel. Co. v. Blanchard,* 68 Ga. 299, 45 Am. Rep. 480; *Hill. v. Western Union,* 85 Ga. 425, 11 S. E. 874, 21 Am. St. Rep. 166; 27 Am. & Eng. Ency. Law (2d Ed.) 1048, and cases collected in note 13. From these considerations, it follows that the written instructions refused to the defendant were properly refused.

The plaintiff is the sendee of the message, and it is averred in the complaint that the sender, in sending it, acted as the agent of and for the benefit of the plaintiff. Thus by the averments the plaintiff is made a party to the contract. Without this relationship of party to the contract, the action could not be sustained by the plaintiff for the breach of it.—*Western Union Tel. Co. v. Adair,* 115 Ala. 441, 22 South. 73; *Manker v. Western Union,* 137 Ala. 292, 34 South. 839. It was important, then, that the plaintiff should show the relationship. Manifestly for the purpose of showing the relationship referred to, counsel for the plaintiff asked her witness, C. B. Jones, the sender of the telegram, this question: "Did you deliver this message for the benefit of Movie Heathcoat?" Clearly this question called for the conclusion of the witness, and the objection to it should have been sustained.—*Minniece v. Jeter,* 65 Ala. 222. Furthermore, the fact as to whether the witness acted as agent for the plaintiff in sending the message cannot be proved in this way.

The question propounded to the plaintiff, "If you had received such a telegram between the 28th day of June and the 13th day of July, 1904, would you have been able to come to Birmingham to see your brother, and could you have come?" calls for testimony that is relevant and material. It does not call for a conclusion of the witness, but a shorthand rendering of facts. Nor does the question call for "a mental operation." So it was not subject to any ground of the objection made to it.

In this action, on proper proof, damages for mental pain and suffering are recoverable.—*Western Union v. Ayers,* 131 Ala. 391, 31 South. 78, 90 Am. St. Rep. 92; *Western Union v. Haley,* 143 Ala. 586, 39 South. 386; *Western Union v. Merrill,* 144 Ala. 618, 39 South. 121. It was competent for the plaintiff to testify that she suffered mental pain and anguish. At least, the objections to the question calling for such evidence are not tenable.—*Eckles v. Bates,* 26 Ala. 655; *Birmingham Ry. Co. v. Hale,* 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748.

It was necessary to show Fort's authority to represent plaintiff in presenting the claim for damages. Therefore the court committed no error in allowing plaintiff to prove that she placed her claim for damages with an attorney, Mr. Fort. Fort subsequently testified that he made an oral presentation of the claim.

The remaining assignments of error which relate to rulings of the court on the admissibility of evidence are disposed of and shown to be untenable by what we have said in respect of the question of waiver.

It is unnecessary to consider the assignment of error with respect to the refusal of the court to grant a new trial. For the errors pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

Tyson, C. J., and Haralson and Simpson, JJ., concur.