(121 So. 735)

## McDERMOTT et al. v. BANCROFT.
### (1 Div. 541.)

Supreme Court of Alabama. April 11, 1929.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellants.

George Bowen Cleveland, of Mobile, for appellee.

GARDNER, J. Plaintiff sued to recover wages due him as stage carpenter at the Lyric Theatre, operated at the time by defendants, and from a judgment in his favor, defendants prosecute this appeal.

Defendants pleaded payment, and introduce receipt for $75, purporting to be in full settlement, signed by one Pistole. Pistole was local agent of the stage employees' union. He is also referred to as the business agent of the union. Plaintiff insists that Pistole had authority to collect for him the $75, which represented 10 days' work during what is called the Gardiner-Lancaster engagement, and for which defendants had previously given a check, subsequently dishonored; the check having been given to Pistole and being by him surrendered to defendants upon receipt of the cash as represented by the receipt above indicated. Pistole corroborates plaintiff's version of the transaction, stating this was his only authority, and

that he knew nothing whatever of any other account, and had no concern therewith.

This appeal turns upon the action of the court in the refusal of the affirmative charge requested by defendants. The argument for appellants is rested upon the assumption that the evidence shows without dispute that Pistole was the general agent of plaintiff, and upon the principle of law that third persons in dealing with a general agent acting within the line and scope of his apparent authority are not bound by any private limitations and instructions of which they had no notice—citing Louisville Coffin Co. v. Stokes, 78 Ala. 372; Western Union Tel.' Co. v. Cunningham, 99 Ala. 314. 14 So. 579; Western Union Tel. Co. v. Heathcoat, 149 Ala. 623, 43 So. 117.

But it cannot be said as a matter of law under the evidence here presented that Pistole was plaintiff's general agent. We think the jury may infer from the evidence that Pistole, as local agent of the stage employees' union, only acted in behalf of the employees or any one of them when requested to do so, and that he was not the general agent of any one member of the union, merely by virtue of his position as local agent thereof. No one testified that he was plaintiff's general agent; the assumption thereof resting chiefly upon his position as above stated. His connection with this particular transaction grew out of a "walk-out" directed on account of alleged nonpayment of wages, resulting first in the issuance of the check, which was not honored, and its surrender for the cash when the receipt was given. Such is the plaintiff's theory, with which alone we need deal in consideration of the refusal of the affirmative charge. At the most it may be said the question of general agency was one for the jury's determination, though the exigencies of this case only require a finding. that such general agency has not been established as a matter of law. Moreover, it appears the evidence was sufficient from which the jury could infer that defendants knew and understood that Pistole was settling for plaintiff the "Gardiner-Lancaster engagement" and none other.

Defendant Michael A. McDermott testified, evidently speaking of this payment: "He got that $75 for the Gardiner-Lancaster engagement." Other circumstances also seem to point to like conclusion. As to the previous account, the evidence was in dispute, and it is not contended this question was not for the jury's determination.

We are persuaded the affirmative charge requested by defendants was properly refused, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.