# Western Union Telegraph Co. *v.* Cunningham.

*Action for Damages for Delayed Telegram.*

1. *General demurrers.*—When the complaint contains a substantial cause of action, this court will not consider a general demurrer to it, which is forbidden by the statute, (Code. § 2690).

2. *Damages for mental anguish caused by negligent failure to transmit telegram.*—Plaintiff having sent a telegraphic message to his brother's wife in a distant town, inquiring about the condition of his mother, who was very ill, and asking for an immediate answer, and his brother replying to the message; he may recover damages for his mental anguish and distress on account of negligent delay in the transmission of the reply message, which prevented his arrival at his mother's bedside until several hours after her death.

3. *Waiver of cash payment for telegram; limitation of agent's authority.* If the agent of the telegraph company, receiving the reply message for transmission at night, promised to wait until the next morning for payment of the charge, the company can not defend an action for damages on account of delay in its transmission, on the ground that the agent had no authority to make such promise, unless it is shown that the person sending the message had notice of his want of authority.

4. *Punitive damages.*—If the agent of the telegraph company, receiving the reply message for transmission, knew the urgent necessity for promptness in forwarding it, but delayed to send it off until the next morning, it is a question for the jury to decide whether this was not such gross negligence as evinces an utter disregard of the feelings and rights of the plaintiff; and if they so determine, they may award punitive damages.

5. *Damages not excessive.*—The award of $500 as damages by the jury can not be considered excessive. when the plaintiff was prevented by the delay from reaching his mother's bedside until after her death, and the evidence shows such gross negligence as would have authorized the jury to give punitive damages.

[Western Union Telegraph Co. v. Cunningham.]

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by O. T. Cunningham against the appellant corporation, to recover damages for the defendant's failure to transmit to him, with proper dispatch, a telegraphic message in reply to one which he had sent, by which delay he was prevented from reaching the bedside of his dying mother before her death. The complaint averred that the defendant "negligently and carelessly failed to send and deliver said reply message until the next day after it was received," and that, "by reason of defendant's gross and willful negligence in transmitting and delivering said message to him, plaintiff was caused much painful anxiety and distress of mind, and by reason of said omission of duty was prevented from seeing his mother in her last illness before her death." The opinion states the other averments of the complainant. The defendant demurred to the complaint, (1) "because it shows on its face that plaintiff has no cause of action; and (2) "because it does not show a case in which plaintiff is entitled to recover damages for mental anguish and suffering." The court overruled the demurrer, and the cause was tried on issue joined, resulting in a verdict for plaintiff for $500. The errors assigned are, the overruling of the demurrers to the complaint, the refusal of two charges asked by defendant, and the overruling of a motion to set aside the verdict and grant a new trial.

DENSON & TANNER, for appellant, cited *W. U. Tel. Co. v. Wilson*, 93 Ala. 32; *Wilkinson v. Searcy*, 76 Ala. 176; *R & D. Railroad Co. v. Vance*, 93 Ala. 144; *Ensley Railway Co. v. Chewning*, 93 Ala. 24; *A. G. S. Railroad Co. v. McAlpine*, 75 Ala. 120; *E. T. V. & Ga. R. R. Co. v. Bayliss*, 77 Ala. 436.

J. A. BILBRO, *contra*, cited Code, § 2690; *Kennon & Bro. v. W. U. Tel. Co.* 92 Ala. 399; *W. U. Tel. Co. v. Henderson*, 89 Ala. 510; *Wadsworth v. W. U. Tel. Co.*, 86 Tenn. 695, or 6 Amer. St. 864; 1 Sutherland on Damages, 734: *Cobb v. Mahone & Collins*, 92 Ala. 630; 2 Thompson on New Trials, § 2397.

HEAD, J.—The complaint alleges that plaintiff, whose mother was at the time very ill at or near Bluff City, Tennessee, sent by the defendant telegraph company, on the evening of April 5th, 1890, from Attalla, Ala., to his sister-in-law at Bluff City, a telegraphic message, as follows: "How is ma? Answer at once;" that this message was promptly

transmitted and delivered to plaintiff's brother at Bluff City, about an hour afterwards, who at once replied as follows: "No better this morning, but little hopes of recovery;" that this reply was given to defendant, to be forwarded immediately, which defendant promised to do, but negligently and carelessly failed to do until the next day after it was received; that plaintiff, on receiving the reply, at once went to his mother, and on reaching her bedside found she had been dead several hours. The complaint alleges that, if defendant had promptly transmitted and delivered his brother's message, he would have reached his mother several hours before her death; that by reason of the failure, &c. plaintiff suffered painful anxiety and distress of mind, &c.

The defendant interposed demurrers to this complaint, but, if the complaint contains a substantial cause of action, we can not consider them, for the reason that they are general demurrers forbidden by the statute.—Code, § 2690.

The principle is settled by our decisions, that the sendee of a message, between whom and the company there is no contractual relation in reference to its transmission, can not maintain action for damages for mental anguish suffered by him by reason of a negligent failure to transmit the message. *West. Un. Tel. Co. v. Wilson*, 93 Ala. 32, and cases there cited. We are of opinion, the present complaint discloses that relation between the plaintiff and the defendant. The message which the plaintiff sent to his sister-in-law, in legal effect, if she had acted under it, constituted her his agent to obtain for him the necessary information as to the condition of his mother, and communicate the same to him, at his expense. The defendant transmitted and delivered this message, and knew its import; knew the service was to be performed by her, for the use and benefit of the plaintiff, and at his special request. The brother received the message, and undertook to perform, and did perform the service, in the place of the sister-in-law; and it is alleged the defendant received from him the reply, and agreed to send it. It was competent for the plaintiff to ratify, and he did ratify, this substitution of the brother for the sister-in-law in the performance of the service; and the defendant, knowing all the facts, and having received the reply from the brother, and agreed to send it, can not be heard to complain that the agency was not performed by the sister-in-law. We think, therefore, the complaint shows a substantial cause of action for the recovery of damages for the breach of a contract made with the plaintiff to transmit and deliver the reply message; and, in aggravation of the damage naturally resulting from that breach,

which, in this case, is merely nominal, special damages for mental anguish, if any resulted, may be recovered.

The evidence shows that the delivery of the reply message to the agent of the defendant, if that delivery occurred according to the plaintiff's version, was not accompanied by payment of the toll, or reward; the plaintiff's testimony tending to show that the agent agreed to accept payment next morning, when it would be more convenient to make the necessary change. The agent, King, testified : "The rules of the company did not allow me to credit any body. I had no instructions to credit any body. Cash must be paid before message is sent." The evidence shows that he was the operator in charge of the defendant's office at Bluff City. It was his duty to transact generally the telegraph business of the defendant at that place. He was therefore a general agent for that purpose. There is no evidence tending to show that plaintiff, or his agent, the brother, knew of any limitation imposed by the company, upon the authority of its agent to contract for the sending of a message without prepayment of the toll.— *Louisville Coffin Co. v. Stokes*, 78 Ala. 372; 1 Am. & Eng. Encyc. Law, 350 ; *Wheeler v. McGuire*, 86 Ala. 398. If therefore it be true, as the plaintiff's evidence tends to show, that the agent waived the payment until the next day, and accepted the message and agreed to send it at once, the defendant can not avail itself of private instructions, not known to the plaintiff, forbidding the agent so to act.—Authorities *supra*.

Inasmuch as the plaintiff's evidence tends to establish the material allegations of the complaint, the general charge requested by the defendant was properly refused.

Charge number one requested by the defendant, raises the question, whether, as a matter of law, upon the effect of the whole evidence, the plaintiff might recover punitive damages. We are of opinion that was a question for the jury. The telegram disclosed that plaintiff's mother was very ill, with little hope of her recovery. It was in reply to plaintiff's message requesting the information at once. Plaintiff's brother testified that he said to the operator that he wanted the message to go at once, and he promised that it should. These facts suggested urgent necessity for the utmost promptness and dispatch on the part of the defendant. If, under these circumstances, as the plaintiff's evidence tends to show, the message was received by the defendant for transmission, and was detained from one day until the next, we think it was properly left to the jury to determine whether such failure was or not so grossly negligent as to evince an utter disregard of the

[Western Union Telegraph Co. v. Cunningham.]

feelings and rights of the plaintiff. If such was its character, the jury might properly have awarded punitive damages. The charge was properly refused.

We are asked to review the ruling of the City Court refusing a motion for a new trial. The grounds of the motion insisted upon in argument are, 1st, that the verdict was contrary to the evidence ; 2d, that the damages awarded were excessive.

It is very clear, under the evidence, that we can not disturb the ruling of the court on the 'first ground of the motion. The testimony of plaintiff's brother is positive and emphatic, that the message was delivered by him, on the night of the 5th of April, to King, the operator, in person, who promised to send it at once. On the contrary, the testimony of King is positive and emphatic, that the message was not handed to him in person, but was sent to him by the hands of Davis, a man young in the office ; that he refused to receive and transmit it, because not accompanied by payment of the toll, until the next morning, when plaintiff's brother called at the office and paid the toll. King's version of the transaction is corroborated by Davis. These witnesses were before the jury, who had the opportunity of observing their demeanor and determining more intelligently than we can who was most entitled to credit. Moreover, the proof is undisputed that the house of plaintiff's brother, where the message was written, and where he could at once be found, was only 150 yards from the telegraph office. Taking the defendant's evidence as presenting the true version, Davis was the man appointed by King to deliver the plaintiff's message of inquiry. Davis delivered it, and received from plaintiff's brother the reply, with the request that it be transmitted at once, and the statement that he, the sender, would call next morning and pay for it. Davis carried it to the office, and offered it to King, making known the sender's request. In view of the urgent nature of the message, and the very short distance the sender then was from the office, it was clearly King's duty to have notified the sender of his unwillingness to send the message without prepayment of the toll, so as to have given the latter an opportunity to comply with the demand. This duty he ignored, and left the sender to remain in reliance upon the belief that the message had been prompty transmitted. This was, in our judgment, of itself, a waiver of the right to demand prepayment, and it was King's duty to have sent the message.

The plaintiff's actual damages in this case were alone sustained in the mental anguish he suffered by reason of not

[Giddens v. Bolling.]

reaching his mother's bedside before her death. The law fixes no standard by which to measure such damages, except the application to the peculiar circumstances of the case of the sound judgment and discretion of the jury, and their just and impartial determination of what sum is fair and right to be awarded. The jury in the present case awarded five hundred dollars. In this sum they may lawfully, as we have said, have included damages by way of punishment. The amount is not so great that we can say it is manifestly unjust or oppressive, and we must, therefore, treat the verdict as not an improper exercise of the discretion of the jury.

The judgment of the City Court is affirmed.