[Western Union Telegraph Co. v. Seed.]

# Western Union Telegraph Co. *v.* Seed.

*Action against a Telegraph Company to recover Damages for Negligence in Delivery of Telegram.*

1.  *Telegraph companies; liability for negligence in delivery of message; punitive damages.*—Where a telegraph company receives from the agent of the sendee and transmits to the place of destination three separate and distinct messages announcing the death of the mother of the sendee, one of which is addressed to the care of the hotel where the sendee was registered, and each of the others to the care of different friends, who were well known citizens in the city, and whose residences and places of business were within the delivery limits of the telegraph company and were correctly stated in the city directory, and the company, through its employés, places all three messages in one envelope, addressed to the care of the hotel, and delivered them there when the sendee was not there, and to which place he did not return until late in the afternoon of the next day, when all three messages in the one envelope were delivered to him, at which time it was impossible, after the use of the utmost diligence, for him to reach the place of burial in time to see the remains of his mother and to be present at her interment, the misconduct of such employés of the telegraph company is so gross as to import an intention on their part to inflict a wrong upon the sendee, or there was such a reckless and wanton disregard of their plain duty as to be equivalent to a willful wrong, for the commission of which the company is liable for punitive damages.

2.  *Same; same; when damages not excessive.*—When an action is brought against a telegraph company to recover damages for negligence in the delivery of a telegram announcing the death of plaintiff's mother, and it is shown that by reason of the negligence of defendant's employés in the delivery of the message the plaintiff was prevented from seeing the remains of his mother and being present at her interment, and it is further shown that the misconduct of the employés was so gross as to be the equivalent of a willful wrong, authorizing the recovery of punitive damages, the award of $1,500 as damages by the jury can not be said to be excessive.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action brought by the appellee, C. C. Seed, against the appellant, the Western Union Telegraph Company, to recover damages for the alleged

negligent failure of the defendant to deliver a telegraphic message to the plaintiff.

On the trial of the cause, as is shown by the bill of exceptions the undisputed facts were, that plaintiff resided at Greensboro, Alabama, but was on a visit to Mobile; in his absence his wife acted as his agent in receiving and forwarding telegrams addressed to him and that this was known to defendant. On leaving home plaintiff gave his wife three addresses in Mobile by which to reach him. On July 3d, while plaintiff was in Mobile, Alabama, his mother died suddenly at Tuscaloosa, and his father telegraphed this fact to him at Greensboro. Defendant knowing that plaintiff was absent read this dispatch over the telephone to plaintiff's wife as plaintiff's agent and she, as plaintiff's agent, instructed defendant to forward the information to plaintiff at Mobile by three separate telegrams, one addressed care of the Southern Hotel, one care of Gregory L. Smith and one care of H. Minor Friend. These three telegrams were sent consecutively and were received by defendant at Mobile, each within two or three minutes of the receipt of the others. Plaintiff kept an account with defendant and all three telegrams were charged to his account, and were subsequently paid for by him. The defendant put all three telegrams in one envelope, addressed it to the care of the Southern Hotel, and delivered them there although it knew that the offices and dwellings of said Gregory L. Smith and H. Minor Friend were in Mobile and knew their respective location and had frequently delivered telegrams to them. Defendant's messenger claimed that before delivering the telegrams at the the Southern Hotel he went to the office of Gregory L. Smith and found it closed, but this was contradicted by several witnesses. Defendant's messenger testified that he asked the clerk of the Southern Hotel if plaintiff was there before delivering the messages, and was told that he was. There was other testimony to the effect that the clerk of the hotel before receiving the telegrams, looked at his register and saw that plaintiff had settled his bill and left the hotel, and hesitated about receiving the telegram when the proprietor asked if the telegram was addressed to the care of the hotel, and being told that it was, he said that they had better receive it then, that plaintiff had not left the city and would probably be back; and that all of this

was said in the presence of the messenger. It was not claimed that any effort was made to deliver either telegram to H. Minor Friend or at the residence of Gregory L. Smith. On the evening of July 3d, plaintiff had given up his room at the Southern Hotel and went to the residence of Gregory L. Smith. He spent the night there and went the next morning to visit H. Minor Friend. On the evening of the 4th, he went to the Southern Hotel, and the envelope containing the three telegrams were handed him. He at once commenced telegraphing to have his mother's funeral postponed until he could arrive, and made strenuous effort to get a special train in order to reach Tuscaloosa in time for the funeral, but failed to do so. He offered to release the defendant from all claim if it would arrange it so he could reach Tuscaloosa before his mother was buried, but it declined to entertain the proposition, and plaintiff arrived in Tuscaloosa after his mother was buried. Had the defendant delivered at its address either the telegram addressed care of Gregory L. Smith, or the one addressed care of H. Minor Friend, plaintiff could have reached Tuscaloosa in time to be present at his mother's funeral. It was further shown that the plaintiff was raised by his mother, and his relations toward her were of the most affectionate character, and that he was in the habit of going to Tuscaloosa twice a week to see her.

Upon the introduction of all the evidence, the court gave the general affirmative charge in favor of the plaintiff, and refused to give at the request of the defendant the following charge numbered 2: "The court charges the jury, that under the evidence in this cause the plaintiff is not entitled to recover punitive damages." The defendant separately excepted to the giving of the charge in favor of plaintiff, and the refusal to give the charge requested by it.

There were verdict and judgment for the plaintiff assessing his damages at $1,500. The defendant moved the court to grant a new trial, upon the following grounds: 1st. Because the damages awarded by the jury to the plaintiff were excessive; and, 2d, because the court refused to give charge number 2 at the request of the defendant. This motion was overruled, and the defendant duly excepted.

The defendant appeals, and assigns as error the refusal of the court to give charge No. 2 requested by it, and the overruling of the motion of the defendant for a new trial.

J. M. FALKNER and RAY RUSHTON, for appellant. 1. In cases where mental anguish is involved as an element of damages, it has been repeatedly held, that it is the duty of the court to exercise care and caution in instructing the jury as to the amount of damages recoverable; "it being so easy and natural to confound the corroding grief occasioned by the loss of the parent or other relative with the disappointment and regret occasioned by the default or neglect of the company."—So-Relle v. W. U. T. Co., 55 Texas 308, 40 Amer. Rep. 805; Gulf, &c., R. R. Co. v. Levy, 59 Texas 543; W. U. T. Co. v. Cooper, 71 Texas 507, 10 Amer. St. Rep. 772; Wadsworth v. W. U. T. Co., 86 Tenn. 695, 21 Amer. & Eng. Corp. Cas. 161; Beasley v. W. U. T. Co., 39 Fed. Rep. 181.

2. Punitive damages are only recoverable when there is proof of a willful or malicious injury, or where the negligence of the defendant has been of so culpable a character that the law conclusively presumes a willful wrong. Where the proof shows nothing more than mere want of ordinary care on the part of the defendant, exemplary or punitive damages can not be allowed.—25 Amer. & Eng. Encyc. of Law, 865; Scott & Jernigan on Telegraphs, § 417; W. U. T. Co. v. Way, 83 Ala. 542.

3. No case was made for punitive damages. There was no malice, oppression or reckless misbehavior or dereliction on the part of the defendant's agent. If it were not for the fact that there were three separate messages sent, the delivery in this case would have been sufficient to entirely relieve the company from all damages. "There is an implied authority on the part of the hotel clerk to receive a telegram for a guest, and the company can not be held responsible for the negligence of the clerk for not delivering it."—W. U. T. Co. v. Trissal, 98 Ind. 566; W. U. T. Co. v. Young, 77 Texas 245, 19 Amer. St. Rep. 751.

4. It must be borne in mind that Seed's mother was already dead, and that the only injury caused by the delay was the loss of the melancholy pleasure of seeing

43

[Western Union Telegraph Co. v. Seed.]

her dead body and being present at her funeral. For this $1,500 is an excessive sum, and shows prejudice and passion on the part of the jury. Seed could not have been damaged that much. He doubtless could have gotten to Tuscaloosa on a special train for a much less sum, but he seems to have only wanted a special train in the event the Western Union would pay for it.—*W. U. T. Co. v. Evans*, 1 Texas Civ. App. 297; *W. U. T. Co. v. Piner*, 1 Texas Civ. App. 301; *W. U. T. Co. v. Houghton*, 82 Texas 562, 39 Amer. & Eng. Corp. Cases, 577.

GREGORY L. & H. T. SMITH, *contra.*—1. Under the undisputed facts in this case, plaintiff was entitled to the affirmative charge even had his right thereto been controverted by defendant.—*W. U. T. Co. v. Wilson*, 93 Ala. 35; *W. U. T. Co. v. Cunningham*, 99 Ala. 314; *W. U. T. Co. v. Jones*, 16 S. W. Rep. 1006; *West v. W. U. T. Co.*, 17 Pac. Rep. 807.

2. The jury was authorized to give punitive damages.—*W. U. T. Co. v. Cunningham*, 99 Ala. 316; Thompson on Law of Electricity, § 398; Scott & Jernigan on Law of Telegraph, §§ 417, 418; 25 Amer. & Eng. Encyc. of Law, 865.

3. The damages were not excessive. Wounded feelings can not be accurately measured in money, and of necessity must be left to the sound discretion of the jury. It is submitted that it could not be justly held that one thousand or even fifteen hundred dollars was as a matter of law excessive in this case for this element of damage alone. As to punitive damages, there is the same absence of any accurate measurement. Their purpose is largely preventive; what would be inadequate in one case might be excessive in another. Certainly when, as in this case, the verdict embraces both damages for wounded feelings and punitive damages, the verdict can not be held to be excessive.— *W. U. T. Co. v. Piner*, 29 S. W. Rep. 66; *W. U. T. Co. v. Evans*, 23 S. W. Rep. 998; *W. U. T. Co. v. Zane*, 25 S. W. Rep. 722; *W. U. T. Co. v. Houghton*, 26 S. W. Rep. 448; *W. U. T. Co. v. Beringer*, 19 S. W. Rep. 336; *W. U. T. Co. v. Rosentreter*, 36 Amer. & Eng. Corp. Cases, 77; *W. U. T. Co. v. Broesche*, 3 Amer. St. Rep. 843. The court will not set aside a verdict because of excessive damages ex-

cept in an extreme case.—5 Amer. & Eng. Encyc. of
Law, 54.

McCLELLAN, J.—Mrs. Seed, as the agent of her
husband, took every precaution to secure the prompt
transmission and delivery to him at Mobile of the tele-
gram sent by his father at Tuscaloosa to his home at
Greensboro, announcing the sudden death of his mother.
Not content with the sending of one message to his hotel
in Mobile, or with sending one message addressed to the
hotel and also to the care of certain friends of his in
Mobile, with whom she had reason to believe he might
be stopping, or one message with instructions to seek
the sendee at each of the three addresses, as a less de-
gree of care and solicitude might have admitted of her
doing, she had the father's telegram re-transmitted as
three separate and distinct messages, one to the care of
the hotel, another to the care of Minor Friend, and the
third to the care of Gregory L. Smith ; and each of the
messages was put on the wire at Greensboro and taken
off at Mobile separately and distinctly, as if they had no
relation whatever to each other.   Each message was in
itself a herald of its own importance and urgency ; and
that the three were sent by the same person to the same
person announcing the same fact, but each to a differ-
ent address, was a circumstance, not capable of inad-
vertent misunderstanding, demonstrating and carrying
consciousness to the defendant's servants at Mobile of
the extreme importance and urgency of delivering the
information to the sendee at the earliest possible moment.
Both Mr. Smith and Mr. Friend were prominent and
well known citizens of Mobile.   Their residences and
places of business were within the delivery limits of the
defendant, and were correctly stated in the city direc-
tory.   At the time the messages were taken at Mobile,
Mr. Seed, if with either of them, could, it seems, have
been reached by telephone.   He was, in fact, at that
time with Mr. Smith.   Later on, the same evening, he
was with Mr. Friend, and spent the night at the latter's
house.   So that had either of the messages addressed,
respectively, to the care of Mr. Smith and Mr. Friend
been carried to their houses or offices it would have
been received by Mr. Seed in ample time for him to have
gone to Tuscaloosa before his mother was buried.   It is

not pretended that any effort was made to deliver the message addressed to Mr. Friend's care. And the evidence leaves little room for doubt that no effort was made to deliver the message addressed to Mr. Smith's care. To the contrary, the defendant, as the complaint alleges, "Willfully and intentionally put all of said telegrams into a single envelope, and delivered the same at the Southern Hotel." Mr. Seed was not there at the time, nor did he return there until late in the afternoon of the following day, and not till then did he receive the messages or any information of his mother's death. He then made every possible effort to get to Tuscaloosa in time to see the remains of his mother and be present at her interment; and finding that he could not leave Mobile until the following morning, he sought by telegram to have the burial delayed till he could arrive, but it was impracticable to do this; and the utmost diligence only sufficed to bring him to Tuscaloosa after his mother had been buried several hours.

On the facts the jury was fully justified in reaching the conclusion that the misconduct of defendant's servants was so gross in respect of an urgent situation, all the elements of which must have been in their minds, as to import an intention on their part to inflict the wrong and injury complained of, or such reckless and wanton disregard of plain duty, with a consciousness of the probability of the consequences which ensued from their dereliction, as is the equivalent of willful wrong; and so concluding, they were authorized to impose punitive damages upon the defendant. The charge requested by defendant on this point was properly refused. *Western Union Telegraph Co. v. Cunningham*, 99 Ala. 314.

The verdict of the jury assessed plaintiff's damages at fifteen hundred dollars. It is insisted that this was excessive. We are unable to so declare. There are two bases, so to speak, in the case for the imposition of damages in respect of which the law furnishes no standard of measurement. The amount of damages to be inflicted by way of *punishment* must always be left to the sound discretion of the jury, subject only to revision for manifest oppression and injustice. Then, too, compensation for the plaintiff's anguish and mental suffering consequent upon defendant's wrong must necessarily be left very largely to the impartial determination of the

jury. Taking the whole case into view, we are not at all inclined to disturb the verdict.—*Western Union Telegraph Co. v. Cunningham, supra.*

Affirmed.