[Western Union Telegraph Co. v. McNair.]

120   99
138   644

# Western Union Telegraph Company v. McNair.

*Action against Telegraph Company to recover Damages for Negligence in Transmitting and Delivering Messages.*

1. *Action against telegraph company; measure of damages for negligence in transmitting and delivering message; mental suffering.*—In an action againt a telegraph company to recover damages for negligence of the defendant in transmitting and delivering a message announcing the death of a relative of the plaintiff,the mental suffering of plaintiff occasioned by the negligence complained of is a proper element of damages to be considered in fixing the amount of the recovery, if the plaintiff is entitled to judgment; and, therefore, the averment in the complaint that the plaintiff was prevented, on account of defendant's negligence in transmitting and delivering the message, from being present at his father's funeral,and of again seeing him before his burial, "on account of which plaintiff suffered great injury to his feelings and mental anguish, to the damage of plaintiff of one thousand dollars, hence this suit," should not be stricken from the complaint, upon the ground that it claimed damages which were not recoverable.

2. *Same; charges to the jury* —In an action against a telegraph company to recover damages for negligence in transmitting and delivering a message, where the defendant pleaded the contributory negligence of the plaintiff, and there was evidence tending to show such contributory negligence, charges requested by the plaintiff, which instruct the jury that if the defendant was guilty of negligence in the sending and delivering of the telegram, then the plaintiff was entitled to recover, are erroneous and should be refused, since they ignore the defense of contributory negligence and the evidence tending to establish such defense.

3. *Same; measure of damages.*—In an action against a telegraph company to recover damages for negligence in transmitting and delivering a telegram announcing the death of a relative of the plaintiff, where it is shown that by such negligence the plaintiff suffered mental pain and anguish, the recovery of the plaintiff is not limited to the amount that was paid for the sending of the message, or to a nominal sum; and, therefore, charges which so instruct the jury are properly refused.

APPEAL from the City Court of Talladega.

Tried before the Hon. JOHN W. BISHOP.

This was an action brought by the appellee, C. R. McNair, against the Western Union Telegraph Company, to recover damages suffered by the plaintiff by reason of the negligence of the defendant in the delivery of a telegraphic message announcing the death of the plaintiff's father; it being averred in the complaint that had the message been delivered to the plaintiff within a reasonable time, he could have reached the place where his father was lying dead, in time to have seen him before burial, and in time to have been present at his burial. It was further averred in the complaint that, on account of defendant's negligence in the transmission and delivery of such message, "plaintiff was prevented from being present at his father's funeral and of again seeing him before his burial, on account of which plaintiff suffered great injury to his feelings and mental anguish, to the damage of plaintiff of one thousand dollars, hence this suit." The defendant moved to strike from the complaint the words quoted above, on the grounds, 1st, that the plaintiff can not recover for mental suffering alone; and, 2d, that damages for mental sufferings, unaccompanied by other real injuries, or damages, can not be recovered. This motion was overruled, and the defendant duly excepted. Thereupon the defendant pleaded the general issue and several special pleas in which he set up the contributory negligence of the plaintiff; alleging in his special pleas that by the exercise of proper diligence and effort on the part of the plaintiff, he could have gotten to the place where his father had died, in time to have seen him before burial and to have been present at his interment.

The evidence for the plaintiff tended to show the negligence complained of, while the evidence for the defendant tended to show the facts set up in their several pleas of contributory negligence.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave to the jury the several charges requested. The substance of these charges is sufficiently stated in the opinion. To the giving of each of these charges the defendant excepted; and also

separately excepted to the court's refusal to give each of the following written charges requested by it: (1.) "If the jury believe the evidence in this case, they can not find a verdict for the plaintiff in a greater sum than 25 cents, the amount that was paid for the sending of the telegram." (2.) "If the jury believe the evidence in this case, they must find a verdict for the defendant." (3.) "If the jury believe the evidence in this case, they can not find a verdict for the plaintiff for any amount except a nominal amount, say one dollar."

There were verdict and judgment for the plaintiff, assessing his damages at one hundred dollars. From this judgment the defendant appeals and assigns as error the overruling of the defendant's motion to strike part of the complaint, and the giving of the charges requested by the plaintiff, and the refusal to give charges requested by the defendant.

WALKER, PORTER & WALKER, for appellant.—The charges given by the court at the request of the plaintiff should have been refused. These charges ignore the evidence introduced by the defendant tending to show the contributory negligence on the part of the plaintiff, which was pleaded as a defense to the maintenance of the suit.—*Fitzgerald v. State*, 112 Ala. 34; *A. G. S. R. R. Co. v. Bailey*, 112 Ala. 167; *Amer. Oak Ex. Co. v. Ryan*, 112 Ala. 337; *H. A. & B. R. R. Co. v. Sampson*, 112 Ala. 425; *Compton v. State*, 110 Ala. 24; *Jefferson v. State*, 110 Ala. 89.

The defendant's motion to strike certain averments from the complaint should have been sustained. The highest courts of the following States have decided that there can be no recovery for mental suffering alone: Dakota, Georgia, Florida, Kansas, Mississippi, Maine, Missouri, Nevada, Pennsylvania, Connecticut, Illinois, Iowa, Kentucky, Louisiana, Michigan, Minnesota, New Jersey, New York, Ohio, Tennessee, Utah, Vermont, Virginia, Wisconsin, United States Courts and the courts of England. See specially *W. U. Tel. Co. v. Rogers*, 68 Miss. 748; *Chapman v. W. U. Tel. Co.*, 88 Ga. 763; *Connell v. W. U. Tel. Co.*, 22 S. W. Rep. 34; *W. U. Tel. Co. v. Wood*, 57 Fed. Rep. 471.

M. D. IVEY, *contra.*—The defendant's motion to strike was properly overruled. It is no longer an open question in Alabama that the plaintiff may recover damages for mental pain and anguish.—*W. U. Tel. Co. v. Wilson,* 93 Ala. 32.

The charges requested by the defendant were properly refused.—Authority *supra.*

HARALSON, J.—1. The case was tried upon the pleas (1 and 2) of the general issue, and on pleas 6, 7 and 8 setting up the contributory negligence of the plaintiff. The plaintiff filed a replication to these last pleas, but in substance and effect it was no more than a joinder of issue on said pleas.

2. The defendant moved the court to strike from the complaint the concluding sentence therein, setting up that plaintiff was prevented, on account of defendant's negligence in and about the transmission and delivery of the telegraphic message, from being present at his father's funeral, and of again seeing him before his burial, on account of which he suffered great injury to his feelings and mental anguish, to the great damage of plaintiff in the sum of $1,000, for which he sues.

That the court properly overruled the motion to strike is, under the former rulings of this court, so well settled, we need not give the matter attention further than to refer to the adjudged cases: *Postal Tel. Cable Co. v. Ford,* 117 Ala. 672; *Western Union Tel Co. v. Adair,* 115 Ala. 441; *Ib. v. Seed,* 115 Ala. 670; *Ib. v. Cunningham,* 99 Ala. 314; *Ib. v. Nelson,* 93 Ala. 32; *Ib. v. Henderson,* 89 Ala. 510.

3. The 1st, 4th, 5th and 6th charges given at the request of plaintiff, assert the general proposition, that if the defendant was guilty of negligence in and about the sending and delivery of the telegram, then the plaintiff was entitled to recover. The contributory negligence of the plaintiff, set up in the said three pleas of the defendant, was utterly ignored in these charges, and, however correct the charges may have otherwise been, they should not have ignored reference to the plaintiff's own contributory negligence, set up and relied on as a defense by the defendant, and which it introduced evidence tend-

ing to establish.—3 Brick. Dig. 107, § § 9, 10 ; *Fitzgerald v. State*, 112 Ala. 34 ; *Highland Ave. & B. R.R. Co. v. Sampson*, 112 Ala. 426.

4. The three charges requested by defendant were properly refused.

Reversed and remanded.