# Western Union Telegraph Company v. Crumpton.

*Action against Telegraph Company for Failure to promptly transmit and deliver Message.*

1. *Plea in abatement; pendency of suit; when insufficient.*—Where two separate suits are brought against a telegraph company to recover for the breach of a contract to promptly transmit and deliver messages, and the massage counted upon in each suit was sent from a different place, the fact that the character of the damages claimed was the same and that the messages were sent within a few hours of each other, concerning the same matter, is not sufficient to make the pendency of one of the suits a bar to the maintenance of the other, and a plea in abatement setting up the pendency of one of the suits, presents no bar to the maintenance of the other.

2. *Pleading and pracitce; how objection to amendment should be raised.*—The appropriate way to raise the question as to the propriety of allowing an amendment to a complaint is not by demurrer to the complaint as amended, but by objection and exception to the allowance of the amendment, or by motion to strike.

3. *Same; when no misjoinder by adding counts setting forth a different form of action; telegraph company.*—Where, in an action brought against a telegraph company to recover damages for the alleged breach of a contract to promptly transmit and deliver a message, the complaint is amended by adding thereto counts which seek to recover similar damages for the breach of a contract to transmit and deliver a message sent from a different place than the message counted upon in the original complaint was alleged to have been sent from, such amendment does not constitute a misjoinder, (Code, § 3292).

4. *Suit against telegraph company; when action ex contractu.* Where. in an action against a telegraph company for the failure to promptly transmit and deliver a message, each of the counts of the complaint claims damages "for the breach of a contract made by the plaintiff and the defendant," by which the defendant undertook to transmit and deliver the message

[Western Union Telegraph Co. v. Crumpton.]

which is set out at length, and avers that the contract was broken by the defendant in that it "negligently failed to transmit and deliver" said message, or "failed to transmit and deliver" said message, and that "by reason of the negligent failure of duty," or "by reason of the failure of duty," on the part of the defendant, the plaintiff suffered the injuries complained of, such counts of the complaint state a cause of action *ex contractu*, and the averments of negligence are merely descriptive of the mode in which the contract was broken.

5. *Action against telegraph company; authority of agent to bind company, in disregard of regulation.*—In an action against a telegraph company to recover damages for the ⌐reach of a contract, by failing to promptly transmit and deliver a message, when the evidence shows that the transaction between the plaintiff and the defendant's agent involved an agreement for the prompt transmission of a message, it will be presumed, nothing appearing to the contrary, that such agent had authority to bind the telegraph company to promptly transmit and deliver the message, even though such transmission and delivery could have been accomplished only by disregarding a regulation as to the hours of opening and closing ⌐  ⌐end-ant's office at the terminal point of the message.

6. *Action against telegraph company; when special damages for mental anguish recoverable.*—When in an action against a telegraph company to recover damages for the breach of a contract to deliver a message, it is shown that the telegram relates to the sickness or death of a parent of the sender, if the plaintiff is entitled to recover the damages resulting directly and proximately from the breach complained of, he is also entitled to recover such special damages for mental suffering and anguish as, in the determination of the jury, he may be shown to have sustained.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN C. ANDERSON.

This action was brought by the appellee, W. C. Crumpton, against the Western Union Telegraph Company, to recover damages for the failure of the defendant to deliver a message sent by the plaintiff, as the defendant had contracted to do. The two messages sent by the plaintiff, the facts incident to the amendment of the complaint, and the filing of the pleas in abatement and the rulings thereon are all sufficiently shown in the opinion.

The two counts of the complaint, as amended, which seek to recover for the failure to deliver the message sent from Birmingham, were the first and second counts. In the first count, as amended, the plaintiff sought to recover nine hundred dollars "for the breach of a contract made by the plaintiff, and the defendant on the 23d day of July, 1899, by the averment of which the defendant undertook to transmit and deliver from Birmingham, Ala., to Georgetown, Ky.," the message which is copied in the opinion. This count then avers that the defendant was engaged in the business of transmitting messages for hire; that the plaintiff paid the defendant the charges for sending said message from Birmingham, Ala., to Georgetown, Ky., and the count then avers as follows: "That said contract was broken by the defendant in this: That it negligently failed to transmit and deliver to Rev. W. B. Crumpton at Georgetown, Ky., said message. Plaintiff alleges had said message been properly transmitted and delivered that plaintiff would have had the opportunity of seeing the dead body of his mother, and being present at her funeral, and that by reason of defendant's failing to transmit and deliver said message plaintiff was denied the opportunity of seeing the dead body of his mother and being present at her funeral, and by reason of the negligent failure of duty on the part of the defendant, plaintiff suffered much painful anxiety and mental distress, wherefore plaintiff brings this suit."

The second count was substantially the same as the first, except that it did not aver that plaintiff "negligently failed to transmit and deliver" the message, but simply that it "failed to transmit and deliver" said message, and further averred that "by reason of the failure of duty on the part of defendant the plaintiff suffered," &c.

The third and fourth counts added to the complaint by amendment, sought to recover nine hundred dollars damages "for the breach of a contract made by the plaintiff and the defendant on the 22d day of July, 1899, by the terms of which the defendant undertook to trans-

mit and deliver from Montgomery, Ala., to Georgetown, Ky., a telegram which is copied in the opinion.

In the third count the plaintiff averred that the contract was broken by the defendant in "that it failed to transmit and deliver to Rev. W. B. Crumpton at Georgetown, Ky., said message," &c., and then after averring that if the message had been properly transmitted and delivered the plaintiff would have had an opportunity of seeing the body of his dead mother and being present at her funeral, said count averred that "by reason of the defendant failing to transmit and deliver said message, plaintiff was denied the opportunity of seeing the dead body of his mother and being present at her funeral, and by reason of the omssion of duty on the part of the defendant, plaintiff suffered much painful anxiety and mental distress," wherefore this suit was brought.

The fourth count contained sustantially the same averments as to the failure to transmit and deliver the message sent from Montgomery as were contained in the first count of the complaint.

The defendant demurred to the complaint as amended, upon the following grounds: "1. Said complaint joins an action *ex contractu* with an action *ex delicto* in the same count. 2. Said complaint joins in one and the same count allegations of and claim of damages for the breach of a contract between plaintiff and defendant with an allegation of and claim of damages for negligently failing to perform a duty required of the defendant by law. 3. There is a misjoinder of counts in said complaint in that counts 3 and 4 set up a different cause of action from that contained in the original complaint. 4. All of said counts in said complaint are a departure from the original complaint, in that the original complaint was an action *ex .delicto* and the amended counts are all *ex contractu*. 5. Said amended counts are so indefinite and uncertain that it is impossible to determine whether the same are *ex contractu* or *ex delicto*. 6. Defendant demurs to the third and fourth counts because the same are an entire change of action from the original complaint. 7. Defendant demurs to the whole complaint as amended on the ground that the

amounts claimed come within the jurisdiction of the United States Circuit Court and cannot be so amen !ed after same has been remanded to this court by the said United States Circuit Court."

The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and separately excepted to the refusal to give each of them as asked : (1.) "If the jury believe the evidence in this case they must find for the defendant." (2.) "Under the evidence in this case, the plaintiff cannot recover a sum exceeding the amount the plaintiff paid for the transmission of said telegrams with the interest to date." (4.) "The defendant had a right to establish reasonable office hours, and the office hours at Georgetown, as proved in this case, were reasonable." (6.) "Under the evidence in this case, the contracts of sending both messages, only bound the defendant to deliver the messages within a reasonable time, and if the jury believes from the evidence that the office hours of the defendant at Georgetown were such that the message could not have been delivered before 9 o'clock a. m. next day, and that such office hours were reasonable, there was no negligence on the part of the defendant in not forwarding said message to Georgetown prior to that time." (7.) "Under the evidence in this case there can be no recovery under the first count of the complaint." (8.) "Under the evidence in this case there can be no recvoery under the second count of this complaint." (9.) "Under the evidence in this case there can be no recovery under the third count of this complaint." (10.) "Under the evidence in this case there can be no recovery under the fourth count of this complaint." (12.) "Under the evidence in this case the terms of the contract of sending the messages provided that the same were to be delivered to the addressee within a reasonable time, and it is a question for the jury to say what was a reasonable time." (13.) "It was not a part of the contracts

for the transmission of the telegrams, or either of them, that they were to be delivered before 7 o'clock next day." (16.) "If the jury find from the evidence that a delivery of the telegrams after 9 o'clock next day would not have enabled him to see his mother's dead body, or be present at her funeral, then plaintiff cannot recover exceeding the sum paid for transmitting the telegrams, with interest thereon." (17.) "Unless the jury find from the evidence that the parties at the time of making the contracts, had in contemplation, or should have had in contemplation from the facts known to them, the fact or probability that a failure to deliver the telegram would result in the plaintiff's being deprived of seeing the dead body of his mother, and being present at her funeral, they can not assess plaintiff's damages at more than the amount paid for the transmission of the telegrams with interest thereon to date."

There were verdict and judgment for the plaintiff, assessing his damages at $1,200. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court which are adverse to the defendant.

GEORGE H. FEARONS, J. M. FALKNER and RAY RUSHTON, for appellant.—The plea in abatement was filed in ample time. By the removal of the cause from the State Court to the United States Court, the proceedings in the State Court were staid.—*Johnson v. Gelsing*, 3 N. J. L. 245.

As to the merits of the plea in abatement we conclude that the whole proposition turns on whether both suits were for the same cause of action. If so, there being no question about both being commenced at the same time, a plea in abatement should have been sustained in either or both.—1 Ency. of Pl. & Pr. 753; *Beach v. Norton*, 8 Conn. 71; *Davis v. Dunkles*, 9 N. H. 545; *Foster v. Napier*, 73 Ala. 604; *S. & N. Ala. R. R. Co. v. Henlein*, 56 Ala. 374.

The demurrer to the complaint as amended should have been sustained. There was a misjoinder of causes of action *ex delicto* and *ex contractu*. The decisions

say that actions in contract and tort can not be joined either in separate counts or in the same count, and also that it cannot be so indefinitely drawn up that you can not tell which action is intended; and at least one, and we think all three rules, were violated by the pleadings in the amended complaint.—*Myers v. Gilbert*, 18 Ala 467; *Whilden v. M. & P. Bank*, 64 Ala. 1; *Chambers v. Seay*, 87 Ala 558; *L. Ins. Co. v. Randell*, 74 Ala. 176; *C. C. Water Co. v. City Council*, 92 Ala. 366; *Smith v. R. R. Co.*, 98 Ala. 155; *Baldwin v. K. C. M. & B. R. R. Co.*, 111 Ala. 515; *Dusenberry v. H. A. & B. R. R. Co.*, 94 Ala. 413.

The right of the Telegraph Company to establish reasonable hours during which business is transacted at its different offices is now unquestioned.—*W. U. Tel. Co. v. Harding*, 103 Ind. 505; *Given v. W. U. T. Co.* 24 Fed Rep. 119; *W. U. T. Co. v. Georgia Cotton Co.*, 99 Ga. 444; *W. U. T. Co. v. Stemburgen*, 54 S. W. Rep. 829; *Biershaus v. W. U. T. Co.*, 8 Ind. 246; *W. U. T. Co. v. Gibson*, 53 S. W. Rep. 712. And its hours on Sundays may be different from those on other days.—*W. U. T. Co. v. McCoy*, 31 S. W. Rep. 210.

The plaintiff was not entitled to recover special damages for mental sufferings.—*W. U. Tel Co. v. Brown*, 71 Texas 703; *Kennon & Bro. v. W. U. Tel Co.*, 92 Ala. 399; *McAllen v. W. U. T. Co.*, 7 S. W. Rep. 717; *Ikard v. W. U. T. Co.*, 22 S. W. Rep. 534; *W. U. Tel. Co. v. Smith*, 26 S. W. Rep.; *Same v. Gidcomb*, 28 S. W. Rep. 699; *Same v. Bryant*, 46 N. E. Rep. 358.

LOMAX, CRUM & WEIL and HAMILTON & CRUMPTON, *contra.*—The plea in abatement was filed too late. The mere filing of a petition for the removal of a suit to the United States Court did not work a transfer of such cause.—*Orchore v. Ohio & Miss. R. Co,.* 131 U. S. 240; *German F. Ins. Co. v. Francis*, 52 Miss. 457; *Ex parte State*, 71 Ala. 363; *Johnson v. Wells Fargo & Co.*, 91 Fed. 1; Black's Dillon on Rem. Causes, § 225.

The plea in abatement presented no bar to the maintenance of the suit.—*Coaldale B. & T. Co. v. Southern*

*Const. Co.,* 110 Ala. 605; *Wilson v. Milliken,* 42 L. R.
A. 449; *Citizens Bank v. Formans,* 3 Banking Cases
451, 63 S. W. Rep. 454.

If the cause of action, as disclosed by the amend-
ments, was different from that in the original com-
plaint, appellant's objection thereto was not properly
raised by demurrer. It should have been raised by a
motion to strike the count proposed to be added.—
*Springfield F. & M. Ins. Co. v. DeJarnette,* 111 Ala. 248;
*Tenn. &c. Co. v. Danforth,* 112 Ala. 80; *Turner v. Roun-
tree,* 30 Ala. 706; *Farley v. Bay Shell Road,* 125 Ala.
184.

Each of the counts of the complaint stated a cause
of action *ex contractu.* They expressly allege the mak-
ing of the contracts to send and deliver the telegrams
in question, for a consideration paid by the plaintiff,
and the violation of that agreement by the failure of
the defendant to make delivery. Its failure to comply
with its contract might have been the result of negli-
gence as alleged in some of the counts, but it was cer-
tainly, nevertheless, a violation of the express agree-
ment.—*Western Un. Tel. Co. v. Wilson,* 93 Ala. 32; *W.
U. Tel. Co. v. Cunningham,* 99 Ala. 314; *Tallassee Falls
Mfg. Co. v. Western Ry. of Alabama;* 117 Ala. 520; *Mc-
Daniel v. Johnston,* 110 Ala. 526; *Mobile Life Ins. Co.
v. Randall,* 74 Ala. 170; Joyce on Electric Law, § 1013.

It is well settled in this State, by a long and un-
broken chain of authorities, that for the breach of con-
tracts such as is under consideration, when any actual
injury to the person, reputation or estate of the plaintiff
is alleged and shown (as here the payment of the con-
sideration charged), damages for mental suffering,
lacerated feelings, by way of aggravation of actual dam-
ages, may always be recovered. "The law fixes no stand-
ard by which the measure of damages except the applica-
tion to the peculiar circumstances of the case and the
sound judgment of the jury, and their just and impar-
tial determination of what sum is fair and reasonable
to be awarded.—*Western Union Tel. Co. v. Wilson,* 93
Ala. 32; *Blount v. Western Union Tel. Co.,* 126 Ala.
105; *Western Union Tel. Co. v. Cunningham,* 99 Ala.

314; *Western Union Tel. Co. v. Seed,* 115 Ala. 670; *Western Union Co. v. McNair,* 120 Ala. 99; *Bessemer v. Jenkins,* 111 Ala. 135; *Western Union Tel Co. v. Henderson,* 89 Ala. 510; *Young v. W. U. Tel. Co.,* 9 L. R. A. (N. C.) 669. In the latter case the court cites many authorities and urges most ably the application of the rule adopted by that, and this court.—Joyce on Electric Law, §§ 825, 826 and 827.

SHARPE, J.—The complaint in this cause as originally filed consisted of two counts, each declaring for a breach of a contract between the plaintiff and defendant for the transmission by the latter from Birmingham, Ala., to the addressee at Georgetown, Ky., of a telegraphic message in the following words: "Birmingham, Ala., 7-23-99. To Rev. W. B. Crumpton, Georgetown, Ky. Am on Queen & Crescent train. Wire me Mama's condition. [Signed.] Wm. C. Crumpton." Simultaneously with the commencement of the suit, plaintiff filed another complaint against the defendant, declaring for the breach of a contract for the transmission by defendant of a telegraphic message from Montgomery, Ala., to the addressee at Georgetown, Ky., which message was as follows: "Montgomery, Ala., 7-22-99. To Rev. W. B. Crumpton, Georgetown, Ky. Am leaving for Georgetown to-night. [Signed.] Wm. C. Crumpton." In each of the suits the alleged injury for which special damages were claimed were the same, viz., mental distress of plaintiff from his being denied opportunity of seeing the dead body of his mother and of being present at her funeral. Defendant attempted to remove both cases to the Federal Court, but they were remanded to the State Court and the defendant pleaded in abatement of this suit, the commencement and pendency of the other suit. This plea was on plaintiff's motion stricken out as coming too late. The striking out of this plea is here assigned as error, but no exception thereto is shown to have been taken and, therefore, that action cannot be reviewed.

After the plea was sticken plaintiff took a non-suit in the other case, and brought the subject matter thereof into this suit by amending the complaint so as to add thereto two counts, each declaring upon a breach of the contract for sending the Montgomery message. The plea in abatement was then refiled; and the court, sitting by consent for the trial of the particular issue joined on the plea, without a jury, found on that issue in favor of the plaintiff. This finding was correct for the reason, if for no other, that the two suits as originally brought were each based upon a contract different from that involved in the other. The usual test of identity in causes of action is whether proof of one will sustain the other, and by that test it is plain that notwithstanding the apparent identity in the claim for damages, the alleged undertaking with regard to the Montgomery message forms a subject matter distinct from the alleged undertaking and breach respecting the Birmingham message.

The propriety of allowing the amendment to . the complaint is not properly brought in question by the demurrer to the complaint as amended. The way appropriate to raise such a question would have been by objection and exception to the allowance of the amendment or by motion to strike.—*Sheffield, etc. v. DeJarnette,* 111 Ala. 248; *Nashville, Chattanooga & St. L. Ry. v. Parker,* 123 Ala. 683. No misjoinder results from the introduction by counts 3 and 4 of a cause of action different from that contained in the original complaint. Code, § 3292. Viewing each count as a whole, the averments of negligence are seen to be merely descriptive of the mode in which the contract was broken. They do not have effect to join a case in tort with a case *ex contractu.—Manker v. Western Union Tel. Co.* 137 Ala. 292; 34 So. Rep. 839.

The evidence was without conflict and established the following facts: Between 8:30 and 9:30 in the evening of July 22, 1899, plaintiff, who was then in Montgomery, went to defendant's office at that place and handed to its agent the message of that date above

set out and told him it was in reply to several he, the plaintiff, had received, announcing the serious illness of his mother, and asked to have it rushed through at once and paid the charges demanded, amounting to fifty-one cents. The agent then received the message, and said he would send it immediately. At about 9:30 o'clock of the same evening, plaintiff started from Montgomery on the north bound train, by which he reached Birmingham about 12:30 o'clock the next morning, and at that time handed to defendant's agent at its office in Birmingham the message above set out as of the date of July 23, 1899. Plaintiff then asked the agent to explain the difference between day and night messages. The agent replied: "We don't deliver night messages until after 7 o'clock in the morning." Plaintiff then told the agent he was on his way to his mother's bedside, and wanted to get the message through at once. The agent thereupon said "all right," and accepted the message and fifty cents paid by the plaintiff for its transmission. After waiting about three hours in Birmingham and receiving no answer, plaintiff started northward by railway for Georgetown, Ky., and on reaching Somerset, Ky., his train was met by a southbound train, bearing his father and the dead body of his mother; which was being carried to Alabama for burial. Both trains were stationary at Somerset at the same time and long enough for plaintiff to have boarded the southbound train for return to Alabama, but being ignorant of his mother's death and of his father's presence on that train, he proceeded to Georgetown, where after learning for the first time of the death, plaintiff took the next passenger train coming south, and was traveling to Marion, Ala., when he met his father returning from Marion after the interment. The death occurred at Georgetown at about sunset on the evening of July 22, 1899, and though plaintiff's father resided within defendant's free delivery limits at that place, and did not leave there until about 10:30 of the next day, neither of the messages were delivered to him before the burial. July 23rd was Sunday. By defendant's regulations its

office at Georgetown remained closed from 8 o'clock on Saturday night until the next morning, and its Sunday office hours were from 9 to 10 o'clock a. m. and from 5 to 6 p. m. The messages, respectively, were received at that office at 10:02 and 10:03 a. m. of the 23rd, and were immediately copied and started out for the sendee. They were both day messages and plaintiff was given no notice of defendant's office hours at Georgetown.

The transaction between the plaintiff and defendant's agent at Montgomery as detailed in the foregoing statement involved an agreement, implied if not express, for the prompt transmission of the first message, and the same is true of the transaction between the plaintiff and defendant's agent at Birmingham with regard to sending the second message. The evidence shows that such transmission could have been accomplished within the space of one hour, and it follows as a conclusion of law that the transmissions which occurred at 10:02 and 10:03 on the morning of July 23rd were not a compliance with either of those agreements. Nothing appearing to the contrary, it is presumed that defendant's agents who were intrusted with the receipt of messages, had authority to bind it by their agreements as to the time for sending them even to the extent of disregarding the regulations as to the hours of opening and closing the office at Georgetown.—Joyce on Electricity, § 812; *Peck v. Wes. U. T. Co.,* (Iowa) 43 L. R. A. 214; *Wes. U. T. Co. v. Bruner,* (Texas) 19 S. W. Rep. 149.

For the breach of each of the agreements referred to, plaintiff was entitled to recover such damages as resulted therefrom directly, naturally and proximately, and the price paid by plaintiff as the consideration, for the agreements were of that class. Decisions of this court have established here the doctrine that special damages for mental anguish may be added to other damages made recoverable by the breach of contract to deliver a telegram relating to the sickness or death of one who bears such near relationship to the sender as that of a parent.—*Western Union Tel. Co. v. Ayres,* 131 Ala. 391; *Western Union Tel. Co. v. Crocker,* 135 Ala. 492; *Western Union Tel. Co. v. Henderson,* 89 Ala. 510;

*Western Union Tel. Co. v. Cunningham*, 99 Ala. 314; *Western Union Tel. Co. v. Wilson*, 93 Ala. 32; *Western Union Tel. Co. v. McNair*, 120 Ala. 99. The messages, each in connection with the information given the agents when they received them, respectively, were sufficient to put the defendant on notice that they were of such special importance and urgency as that their non-delivery might probably result in consequences distressful to the plaintiff. Such consequences are, therefore, deemed to have been within the contemplation of the parties at the making of the contracts, though the precise happenings which followed upon the breaches of those contracts may not have been foreseen.—*Western Union Tel. Co. v. Henderson, supra;* Joyce on Electricity, § 825.

Under the evidence it was for the jury to determine whether the loss of opportunity and mental distress alleged to have been suffered by plaintiff, was the proximate result of the failure to make due delivery of either of the messages. The charge on which assignments of error are based are each inconsistent with views expressed above and were properly refused.

The refusal of the motion for a new trial does not appear to have been excepted to, and, therefore, is not reviewable.

Judgment affirmed.