(94 South. 283)

## WESTERN UNION TELEGRAPH CO. v. SWINDLE. (6 Div. 719.)

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Telegraphs and telephones ⬉66(4)—Mental distress may be shown by circumstances.**

Mental distress, proximately resulting from breach of duty to seasonably deliver telegram, is the basis for the imposition of actual damages; and such suffering need not be positively proven, but may be inferred from the circumstances, including the relation of the parties.

**2. Telegraphs and telephones ⬉68(1)—Damages for mental distress must have been within contemplation of parties.**

To justify damages for mental distress from failure to seasonably deliver telegram, such distress should have been within the contemplation of the parties when the contract was made, and the company must have had either knowledge or notice that, from dereliction of duty in the premises, it might reasonably have been anticipated that mental distress would result.

**3. Telegraphs and telephones ⬉73(5)—Damages from failure to seasonably deliver death telegram held for jury.**

Where a son, 30 miles away, was telegraphed to by a third party that his father was dead and to "come at once," held that such telegram might suggest to a reasonably observant and rationally prudent mind the idea that to defer, if not defeat, the purpose of the message through negligent delay might involve the denial of the son's opportunity to go to the place and discharge his natural duty to his father, including participation in, if not control of, the preparations and arrangements for suitable burial, and that deferring or denying such opportunity might probably result in distress to the son, so that the issue of distressful consequences as proximately caused by delay in delivery of telegram, or whether the bases for such distress in respect of burial preparations or arrangements could be legally attributed to the delay in delivery of the telegram, were properly submitted to the jury.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by J. H. Swindle against Western Union Telegraph Company for damages. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under § 6, Acts 1911, p. 449. Affirmed.

Cabiness, Johnston, Cocke & Cabiness, of Birmingham, and Francis R. Stark, of New York City, for appellant.

To be held liable for damages for mental anguish, a telegraph company must have notice, from the language of the telegram or otherwise, that a delay in delivery will proximately result in mental anguish. 84 Ala. 487, 4 South. 831; 158 Ala. 539, 48 South. 553, 132 Am. St. Rep. 38; 9 Ala. App. 36, 63 South. 745; 37 Cyc. 1781. A telegram announcing the death of plaintiff's father and telling him to come at once did not convey notice to the telegraph company that a delay in delivery might prevent embalming the body, delay the funeral, or prevent it from being held with the services of the minister, or result in the funeral being held at an improper time and place. (Ark.) 94 S. W. 700; (Ky.) 128 S. W. 587; 99 Tex. 323, 89 S. W. 965; (Tex. Civ. App.) 26 S. W. 216; 85 Tex. 580, 22 S. W. 961; 36 Tex. Civ. App. 237, 81 S. W. 552; 73 S. C. 218, 53 S. E. 175; (Tex. Civ. App.) 90 S. W. 714; (Tex. Civ. App.) 187 S. W. 348; (Ky.) 113 S. W. 110. Where the sendee claims that delay in delivery of telegram prevented embalming, and forced the holding of funeral at an unsuitable place and in an unsuitable manner, and without the services of a minister, there can be no recovery for such damages, when the evidence leaves it uncertain whether, if the telegram had been promptly delivered, a suitable funeral, etc., would have been had. 16 Ala. App. 502, 79 South. 200; 158 Ala. 562, 48 South. 553; 196 Ala. 620, 72 South. 168; 3 Ala. App. 238, 56 South. 879; (Tex. Civ. App.) 139 S. W. 676; 167 Ala. 286, 52 South. 414; 111 Va. 607, 69 S. E. 952.

Black & Harris, of Birmingham, for appellee.

Where telegram shows relationship between the one who has died and the sendee, such message itself shows the urgency of prompt delivery and charges the company with notice of such relationship, and that as a natural consequence of failure to deliver sendee would be subjected to mental suffering. 159 Ala. 249, 48 South. 676; 12 Ala. App. 317, 66 South. 903. The law charges a telegraph company with knowledge of what it should and could have ascertained by reasonable inquiry. (Mo. App.) 212 S. W. 41; (Tex. Com. App.) 210 S. W. 516. The general charge should not be given, if there is evidence reasonably affording an inference adverse to the right of the party asking it. 88 South. 139.

McCLELLAN, J. Action in tort by appellee against appellant for negligent breach of appellant's duty in the delivery of the following intrastate telegram:

"Abernant, Ala. 7:55 P. M. Oct. 25, 1920. J. H. Swindle, 7317 Georgia Ave., Woodlawn, Ala. via Birmingham. Your father dead Come at once. [Signed] S. Baker."

Woodlawn is a suburb of Birmingham, Ala., about 30 miles distant from Abernant, Ala. Judgment was entered for plaintiff for $500. There is no assignment of error predicated of the overruling of the motion for new trial. The only questions presented for

review involve inquiry into the elements of recoverable damages (asserted mental distress) consequent upon the established breach of duty thus committed. The message was not delivered until after noon on the next day, October 26th. Plaintiff was first advised of his father's death about 5 a. m. October 26th, by a messenger who came by automobile to Woodlawn from Abernant. Plaintiff returned with the messenger, arriving at Abernant about 9:30 a. m. There was evidence tending to show that decomposition in the body had been set up, and that unseasonable burial, at night in the rain, was necessitated by the conditions.

[1, 2] The court instructed the jury, through special requests given at defendant's instance, that plaintiff could not recover damages for any mental distress consequent upon the failure to embalm the body, upon plaintiff's inability to secure a minister to perform the burial service, or upon the absence of a minister to perform that service. In its oral charge the court did not undertake to advise the jury to the contrary with respect to these particular matters. The effect of the court's oral charge and the special instructions given was to submit to the jury's determination whether plaintiff suffered mental distress in proximate consequence of the delay shown; whether mental distress suffered by plaintiff was legally attributable to his deferred presence to make preparations for the burial of his parent; whether there was delay in burial, under unsuitable circumstances, legally ascribable to the company's failure seasonably to deliver the message. Mental distress, suffered in proximate consequence of such breach of duty, is the basis for the imposition of actual damages; and such suffering need not be positively proven, but may be inferred by the jury from the circumstances, including the relation. Southern Ry. v. Rowe, 198 Ala. 353, 359, 73 South. 634. In order to justify the recovery of damages for mental distress it is essential that such distress should have been within contemplation when the contract was made. The company must have either knowledge or notice that from dereliction of duty in the premises it is reasonable to anticipate that mental distress may result. In Western Union v. Crumpton, 138 Ala. 632, 643, 644, 36 South. 517, Sharpe, J., writing, it was held: Where the information given the company was "sufficient to put the defendant on notice" that the communication was of such special urgency and importance as that dereliction of duty might probably result in consequences distressful to plaintiff, "such consequences are * * * deemed to have been within the contemplation of the parties, * * * though the precise happenings which followed" may not have been foreseen; and, where the evidence warranted, that it was for the jury to determine "whether the loss

of opportunity and mental distress alleged to have been suffered by the plaintiff was the proximate result of the failure to make due delivery."

[3] The language employed in the message bore twofold evidence of its importance and urgency. It announced to the son the death of his father. It also conveyed an urgent injunction to the son to "come at once." It was signed by a stranger to the name of the deceased and the son. The terms of the message gave the company notice that a breach of duty in delivery might probably excite mental distress on the part of the son, the plaintiff, both with respect to the announcement of the parent's death and in consequence of plaintiff's thereby deferred opportunity to obey the injunction to go at once to the not remote place where his father had died. So far as the terms of the message gave information to the company, this son was the only person of such near relation to the deceased—within reasonable distance of the place—who could be expected to bestow upon preparations and arrangements for the burial the care and direction it would be reasonable and natural to anticipate in such circumstances. The announcement of a father's death and the summons of the son to the scene, through a telegram signed by a stranger to the name, would be calculated to suggest to if not impress upon, the reasonably observant and rationally prudent the idea that to defer, if not defeat, the purpose of the message through negligent delay might involve the denial of the son's opportunity to go to the place and seasonably discharge a natural duty to the deceased parent, including participation in, if not control of, the preparations and arrangements for suitable burial; and such information, so given the company, would afford circumstances from which a jury might conclude that the deference or denial of opportunity to perform those services might probably result in distressful consequences to the son. The trial court accepted that view and submitted to the jury's decision the major and subordinate issues of fact projected by the circumstances of the announcement of the parent's death 30 miles away, and the injunction to "come at once." In so concluding the court did not err. The appellant cites a number of cases, from other jurisdictions, to support the view to the contrary. They have been considered and are not found persuasive. Several of them involve facts and circumstances materially different from those here presented. The terms in some of them were not such as to convey the notice the jury was authorized to conclude this message bore, particularly in respect of the injunction to "come at once."

The plaintiff started promptly to Abernant with the messenger when told of his father's death. The relation of the plaintiff to the subject of the message and his action in at

once starting for Abernant· upon advice by the messenger admitted of the evidential inference that he would have gone had the telegram's injunction been communicated to him with reasonable promptness. Whether an earlier start would have been made and an earlier arrival at Abernant accomplished, had the message been seasonably delivered; and whether distressful consequences were proximately caused by the delay in delivery, or whether the bases for ·such distress in respect of burial preparations or arrangements could be legally attributed to the delay in delivery of the telegram; or whether earlier advice or arrival at Abernant through the telegram's delivery would have prevented the creation of the bases for the mental distress asserted—were matters of inference from the evidence, the whole circumstances, upon which the jury's judgment was required.

No error of prejudice appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.